CHANCERY.                 Strader, &c. *vs* Batchelor.

*Case* 45.           APPEAL FROM THE JEFFERSON CIRCUIT.

              *Domestic bills.    Orders.    Days of grace.*

*January* 7. ·   JUDGE SIMPSON delivered the opinion of the Court—Chief Justice
                 Marshall did not sit in this case.

                 THIS is a suit by petition, on the following instrument
Case stated.     of writing, viz:

            $500.                  LOUISVILLE, April 30th, 1842.
     *To the Treasurer of Kentucky:*
            Pay to the order of H. Marshall, on the first day
     of July next, five hundred dollars, for value received,
     and charge the same to account of my salary as Judge
     of the 5th Judicial district.

                                          J. J. MARSHALL,
                                   *Judge of the 5th Judicial district.*
     Due 30th June, 1842.

     This writing was endorsed by the appellants, against
     whom this suit was instituted, as endorsers.

     A demurrer to the petition was filed by the defend-
     ants, and overruled. An issue was made, on the plea
     of *nil debit.* On the trial of this issue, the hand writing
     of the drawer and endorsers, the presentation of the or-
     der for payment on the first day of July, 1842, and its
     protest for non-payment, with immediate notice thereof
     to the parties, were proved. On this evidence, the de-
     fendants moved the Court to instruct the jury, the plain-
     tiff could not recover. The instruction was refused,
     and a verdict and judgment rendered for the plaintiff.

     Is the writing sued on such as to authorize a suit on
     it by petition, under the statute of 1837? (3 *Stat. Law,*
     491.) The sixth section of the statute extends its pro-
     visions so as to authorize suits by petition on domestic
     bills, or common orders and checks, against the drawers,
     endorsers and acceptors.

     The orders embraced by the statute, are evidently
     such, as from their nature, are negotiable; such as may

be endorsed and accepted, and are in substance and effect, domestic bills of exchange.

Orders are so regarded in this country. Before the drawer or endorsers can be made responsible, the holder must prove he has used due diligence in their presentation for payment, and a failure to do so, will discharge the parties: (4 *J. J. Marshall,* 61.)

There are two qualities essential to the validity of either a foreign or domestic bill: First, that it be payable at all events, not dependent on any contingency, nor payable out of a particular fund: And secondly, that it be for the payment of money only : (*Chitty on Bills,* 41.)

Orders to be negotiable, must be of the same character, and have the same requisites. Their payment must not be out of a particular fund, nor made to depend upon a contingency. Thus an order to pay money out of the drawer's growing subsistence, or out of the purchase money of the drawer's house, or out of the drawers money that should arise from his reversion when sold, is not a valid bill; its payment by the terms of the instrument being made to depend upon the sufficiency of a particular fund : (*Chitty on Bills,* 44.)

The writing upon which the present suit is founded, was evidently drawn upon, and in anticipation of the salary to which the drawer might be entitled as a public officer. It was drawn upon the Treasurer of Kentucky as a public officer, and not individually. It was made payable precisely at that period of time, when, according to statutory regulations on the subject, the salary of the drawer for the quarter next ensuing the date of the order, was due. These circumstances conclusively manifest its character, and show that it was payable alone out of the salary of the drawer; that it was so intended when made, and that its payment by the Treasurer was not expected, unless the drawer should have a claim at its maturity, on the Treasury, for its payment on account of his salary as a public officer. Its payment, therefore, depended on a contingency growing out of the peculiar nature of the fund on which it was drawn. Either the death or resignation of the

Orders for money in Kentucky, must be presented for payment, and due diligence used—a failure to do so, will discharge the parties: (4 *J. J. Marshall,*61.)

Every foreign or domestic bill of exchange must be payable at all events—not dependent upon a contingency, or out of a particular fund, and be payable in money only: (*Chitty on Bills,* 44.)

Orders to be negotiable must be of the same character, and have the same requisites. An order drawn upon the Treasury by a public officer for his salary, is not a bill of exchange.

STRADER, &c.
vs
BATCHELOR.

drawer before its maturity, would have prevented its payment.

Where a particular fund is inserted in a bill merely for the purpose of indicating to the drawer how to reimburse himself, it will not vitiate it, if it be payable at all events. Here, however, it is apparent the order was drawn upon the credit of the fund, not upon the personal credit of the drawer. It was not payable at all events, but its payment depended on the sufficiency of the fund, and was altogether uncertain and contingent.

As therefore, this order is not of a negotiable character, it is not, in our opinion, embraced by the statute. It was merely an authority to collect and retain the salary of the drawer, when due.

Orders for money, or domestic bills of exchange must be treated as other bills of exchange. Days of grace are given upon them; and altho' never presented for acceptance, demand of the drawer, must be upon the third day of grace: (1 Peters, 25; 12 Johnson.)

If, however, it be regarded as a good and valid bill, and negotiable by endorsement, still the holder has not acted in such a way as to fix the responsibility of the endorsers. Common orders being substantially domestic bills, must be treated in the same manner. Days of grace apply as well to them as to other bills. It is equally unavailing to demand payment before the third day of grace, as after its expiration. By the usage of the commercial world, which now enters into every bill of a mercantile character, a bill does not become due on the day mentioned on its face, but on the last day of grace. And although a bill payable at a given time, has never been presented for acceptance, the demand upon the drawee for payment, must be made on the third day of grace: *Bank Washington* vs *Triplett*, (1 *Peters*, 25;) *Griffin* vs *Goff*, (12 *Johnson's Reports*.)

Inasmuch, therefore, as payment of the order sued on, regarding it as negotiable, was demanded before the proper time, and no proof was made of a demand on the third day of grace, the liability of the endorsers was not established, and the plaintiff could not have recovered, had the writing sued upon been a valid bill.

Wherefore, the judgment is reversed and cause remanded, with directions to sustain the demurrer to the petition and render judgment for the defendants.

*Pirtle and Speed and Fry & Page* for appellants; *Loughborough* for appellee.