JOHN W. GRIGGS *vs.* CITY OF ST. PAUL.

Submitted on briefs, Dec. 19, 1893. Reversed Jan. 5, 1894.

No. 8467.

**Facts stated, and an order to pay money construed.**

M., having entered into a contract with the city of St. Paul to grade Park avenue, executed to S. an order in the words following: "To the City of St. Paul: Pay to S. $250, and deduct that amount from any money which may be due me on account of the grading of Park avenue. [Signed] M." *Held,* in view of the fact that the order was on a city which had no power to accept drafts generally on the credit of the drawer, that the instrument was not a draft or bill of exchange, but an order payable out of a particular fund, and operated as a partial assignment of that fund.

**"May be due," construed to mean, "may become due."**

Also, that the term "may be due" does not refer exclusively to what was presently due and payable at the date of the order, but also includes moneys that might thereafter become due and payable under the contract.

Appeal by defendant, the City of St. Paul, from an order of the District Court of Ramsey County, *William Louis Kelly,* J., made July 1, 1893, denying its motion for a new trial.

On June 22, 1891, Frank P. McCann's bid of $2,933.33, for grading Park Avenue from Sherburne Avenue to Arch Street in St. Paul had been accepted and the work awarded to him by the Board of Public Works. The contract was being prepared and he was about to commence the work. On that day he gave William Van Slyke an order on the City for $250, copied in the opinion, and it was filed that day with the City Comptroller. The next day McCann's contract with the City was signed. He completed the grading and on July 11, 1891, assigned to the plaintiff, John W. Griggs, all money then due, or which might become due to him from the City under this contract. The assignment was filed July 13, 1891, with the comptroller. Under it, Griggs claimed the entire price of the work, but the City, being indemnified by Van Slyke, paid to him on January 2, 1892, the $250 and the balance to Griggs. Thereupon Griggs brought this action against the City to recover that sum. A

jury was waived and the Court made findings and ordered judgment for the plaintiff for the $250, saying:

"The order dated June 22, 1891, drawn on the defendant City by Frank P. McCann and payable to William A. Van Slyke is for the payment absolutely of $250, and is not an order drawn on any particular fund. Such instrument is a draft or inland bill of exchange. *Hillstrom* v. *Anderson*, 46 Minn. 383. Being an ordinary draft, and not for the entire amount due or to become due to the drawer, while unaccepted, it did not operate as an equitable assignment of the debt *pro tanto*. *Lewis* v. *Traders' Bank*, 30 Minn. 134. The mere retention of the Van Slyke order is not an acceptance. *Holbrook* v. *Payne*, 17 Neb. 643. Besides, the order was for money then due. At the date of the Van Slyke draft, the Park Avenue contract had not been signed and delivered. It was fully entered into the next day, and of course nothing was due under it at that time."

*Walter L. Chapin*, for appellant.

A draft for the whole of a particular specified fund or debt amounts to an assignment of such debt or fund, even without acceptance. *Lewis* v. *Traders' Bank*, 30 Minn. 134. So also is an order for a part of a specified fund, an assignment thereof which equity will protect. *Canty* v. *Latterner*, 31 Minn. 239; *Dean* v. *St. Paul & D. R. Co.*, 53 Minn. 504; *Schilling* v. *Mullen*, 55 Minn. 122. An order for money payable generally, not specifying any fund, is a bill of exchange and does not operate to hold a fund without acceptance by the drawee. *Lewis* v. *Traders' Bank*, 30 Minn. 134; *Hillstrom* v. *Anderson*, 46 Minn. 382. The Court below held that the Van Slyke order did not specify a particular fund, and hence was a bill of exchange and did not operate to hold $250 of the Park Avenue grading fund for his benefit. The City considered that it did specify a fund, and afterwards paid the sum to Van Slyke, deducting it from the contract price for the grading. If Van Slyke did receive an assignment of part of the grading fund, of course Griggs' claim was subject to it and the latter cannot recover. *McDonald* v. *Kneeland*, 5 Minn. 352; *Muir* v. *Schenck*, 3 Hill 228; *State ex rel.* v. *City of Lake City*, 25 Minn. 404.

The Court has judicial knowledge that the City of St. Paul is not a banking institution; that money must be appropriated to particular uses by the city authorities before it can be paid. Parties could not contemplate in the giving of this order that the City would honor it generally. The only reasonable construction is, that McCann and Van Slyke knew the situation and acted on their knowledge that the money would be paid when due only, and after it was earned.

Money to be earned in the future can be assigned in this way. *Metcalf* v. *Kincaid*, 87 Ia. ——; Pomeroy, Eq. Jur., §§ 1280–1283; *Brill* v. *Tuttle*, 81 N. Y. 454; *McDaniel* v. *Maxwell*, 21 Oregon, 202.

*George E. Budd*, for respondent.

The Van Slyke order is for a sum certain, is payable in money absolutely and not contingently and not out of any particular fund, but generally. It is therefore a bill of exchange. *Hillstrom* v. *Anderson*, 46 Minn. 382; *Wells* v. *Brigham*, 6 Cush. 6; *Defee* v. *Smith*, 43 Ark. 221; *Pierson* v. *Dunlop*, Cowp. 571; *Rice* v. *Ragland*, 10 Humph. 545; Pomeroy, Eq. Jur. § 1280; *Corbett* v. *Clark*, 45 Wis. 403; *Cashman* v. *Harrison*, 90 Cal. 297.

A negotiable draft, check or order is not, in Minnesota, an assignment of any part of the funds of the drawer in the hands of the drawee, unless the check, order or draft be for the entire amount of a special fund which the drawer has with the drawee. *Lewis* v. *Traders' Bank*, 30 Minn. 134; *Bank of Republic* v. *Millard*, 10 Wall. 152; *Attorney General* v. *Continental Ins. Co.*, 71 N. Y. 325; *Grammel* v. *Carmer*, 55 Mich. 201; *Coates* v. *Doran*, 83 Mo. 337; *German Nat. Bank* v. *Farmers' Deposit Bank*, 118 Pa. St. 294; *Holbrook* v. *Payne*, 151 Mass. 383; *Schmittler* v. *Simon*, 101 N. Y. 554.

There are two good reasons why Van Slyke could not assign any of the fund afterwards assigned to plaintiff. The first is, that the amount of the order is to be deducted from "money which may be due." The words are in the present tense. No money was then due and never became due until after assignment to plaintiff; therefore, nothing was assigned. *Gunther* v. *Darmstadt*, 14 Daly 368. The second is, that an assignment of the consideration of a contract not entered into, is void, it is incapable of enforcement. A mere

possibility is incapable of assignment.    *Mulhall* v. *Quinn*, 1 Gray 105; *Lehigh Valley R. Co.* v. *Woodring*, 116 Pa. St. 513; *Runnells* v. *Bosquet*, 60 N. H. 38; *Eagan* v. *Luby*, 133 Mass. 543; *Herbert* v. *Bronson*, 125 Mass. 475; *Low* v. *Pew*, 108 Mass. 347; *Skipper* v. *Stokes*, 42 Ala. 255.

MITCHELL, J.    The short facts of this case are that on June 23d one McCann entered into a contract with the city to grade Park avenue, for an agreed price.

On June 22d he executed to one Van Slyke an order in the following words:

"June 22, 1891.    To the City of St. Paul:    Pay to Wm. A. Van Slyke two hundred and fifty dollars, and deduct that amount from any money which may be due me on account of the grading of Park avenue.    Frank P. McCann."

Van Slyke filed the order with the city comptroller.    Subsequently, McCann assigned his money then due or to become due on this contract to the plaintiff, who filed the assignment with the city comptroller.

Subsequently, the city paid to plaintiff the full amount due McCann on the contract, except $250 which it paid to Van Slyke.    Plaintiff now sues the city for the $250.    The main question in the case is whether this order was a draft drawn upon the general credit of the drawer, or upon a particular fund.    Where an order refers to a certain fund, the test as to whether it is a draft drawn upon the credit of the drawer, (in which case it does not operate as an assignment of the fund,) or an assignment of the fund, is whether it is to be paid absolutely, the fund being merely referred to as the means of reimbursement to the drawee, or whether it is to be paid out of the fund, which thereby becomes the measure of the drawee's liability in case he accepts it.

This is a question of the intention of the parties, to be gathered from the language of the order, but we apprehend this language must be construed with reference to the character and relation of the parties.

Counsel for respondent has argued the case precisely as if the order had been on a natural person, possessed of unlimited power to accept drafts.    Were such the fact, we may concede, without decid-

ing, that this order would be held a draft drawn upon the general credit of the drawer. But the city, being a municipal corporation, had no power to accept drafts generally. Its only power in the premises was to pay to McCann or his assignee the contract price of the work. Had the order been accepted by any city officer, assuming that he had authority to accept such orders at all, clearly the extent of the city's liability would have been to pay it out of moneys due McCann, if sufficient for that purpose. In view of this fact, the intention must have been that the order should be paid out of that fund; otherwise, it would have been of no effect whatever. *Strader* v. *Batchelor*, 8 B. Mon. 168. We infer from the record that this distinction, growing out of the character of the city, was not specifically called to the attention of the trial court.

It is also claimed that nothing was assigned by this order, because there was nothing then presently due and payable to McCann on his contract. It would be too narrow a construction of the order to thus limit the meaning of the words "which may be due." The word "may," as here used, implies contingency, possibility, or probability, and is broad enough to include whatever might become due and payable on the contract.

It is further urged that as the contract was not entered into until the 23d of June, and the order was given on the 22d, there was nothing then capable of assignment. As the case was not decided on any such point, and the findings may not have been drawn with that in view, we would not, in any event, be disposed to affirm on that ground. It is undoubtedly the law that where a person is not engaged in, or under contract for, any employment, the mere possibility of being employed and earning wages in the future is not assignable, being a mere possibility coupled with no interest. But, in view of all the provisions of the city charter relating to the letting of contracts for the construction of public improvements, we are not prepared to say that the money that might become due on such contracts does not have a potential existence, so as to be the subject of assignment, even before the execution of a formal written contract, to which the date named in the findings presumptively refers. But we do not think that question is properly presented by the record.

Order reversed.

(Opinion published 57 N. W. Rep. 461.)