383 P.2d 183

**James W. ENGLAND, Jr., Appellant,**

**v.**

**The VALLEY NATIONAL BANK OF PHOENIX, a national banking association, Appellee.**

**No. 7225.**

Supreme Court of Arizona.

In Division.

June 27, 1963.

Peterson, Estrada & Matz, Phoenix, for appellant.

Rawlins, Davis, Ellis, Burrus & Kiewit, by Peter Kiewit, Jr., Phoenix, for appellee.

UDALL, Vice Chief Justice.

This is an action based on two promissory notes made by defendant-appellant in favor of the plaintiff-appellee on March 11, 1950. The first note, in the amount of $42,427.09, represented the unpaid principal due plaintiff on two notes made by the defendant in 1941 and 1942. The second note, in the amount of $14,413.43, represented the accumulated unpaid interest on these original notes. At the time the 1941 note was made by defendant, he agreed to maintain in force a life insurance policy, the proceeds of which were assigned to plaintiff as security for any indebtedness of defendant to the plaintiff. At the commencement of this action the plaintiff had made payments on this policy in the amount of $8,543.39 and, in addition to its action on the notes, it sought to recover this amount from the defendant. Following a trial to the court, judgment was rendered in favor of the plaintiff, and defendant appealed.

■■ The defendant complains that the judgment allowed interest on the sum recovered for life insurance premiums from the date of payment of such premiums, whereas the complaint asked only for interest from the date of commencement of the action. He contends that the court was without jurisdiction to give an award exceeding the prayer of the complaint. Where the facts proven under the pleadings entitled the plaintiff to additional or other relief, the judgment need not be limited to the prayer of the complaint. Rule 54(d), Ariz.R.Civ.P., 16 A.R.S.; Grummel v. Hollenstein, 90 Ariz. 356, 367 P.2d 960 (1962). We find this assignment of error to be without merit.

■■ The defendant next contends that the statute of limitations (A.R.S. § 12–543) prevents a judgment for recovery of any insurance premiums paid by plaintiff more than three years prior to commencement of the action. While the defendant did raise the statute of limitations in his answer, he cited only A.R.S. § 12–548 (a six year statute), and this in support of his contention that this section barred an action on the 1950 notes. The pleadings and record fail to show that defendant raised the statute of limitations in defending against the plaintiff's action to recover insurance premiums. Unless properly raised the defense of the statute of limitations is waived. Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161 (1954); Dawson v. McNaney, 71 Ariz. 79, 223 P.2d 907 (1950). Nor can the defendant raise

this issue for the first time on appeal. City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135 (1959).

■ Defendant next assigns as error that portion of the judgment which concerns the life insurance policy and decrees:

" * * * that plaintiff is the owner of said insurance policy and all rights thereunder, and that defendant has no right or interest in same."

The instrument by which the policy was assigned to plaintiff makes clear that the assignment is for the purpose of collateral security, and is not an outright transfer. The plaintiff, in its complaint, asked only for a decree that the insurance policy and any proceeds therefrom secures the indebtedness sued on, and any judgment rendered for said indebtedness, and that the plaintiff's rights in the policy and its proceeds are superior to those of the defendant and any other persons. We have not been referred to any legal theory which would support a judgment declaring the plaintiff to be sole owner of all rights under the policy. We hold the quoted portion of the judgment to be in error and direct that it be modified to grant to the plaintiff the relief sought in the complaint.

■ The assignment of the insurance policy was made at the time the first note was given to the plaintiff in 1941. The defendant contends that the assignment secured only that note, not the 1942 note or any other indebtedness of the defendant to the plaintiff. This contention ignores the express wording of the assignment:

"This assignment is made and the Policy is to be held as collateral security for any and all liabilities of the undersigned * * * to the Assignee, either now existing or that may hereafter arise in the ordinary course of business between * * * the undersigned and the Assignee * * *."

We hold that the assignment secures all of the indebtedness sued on in this action.

■ The defendant makes two assignments of error in which he contends that the court erred in granting judgment on the 1950 notes for the principal sums and interest at eight percent for the reason that the evidence showed the notes were to bear two and one half percent interest. The defendant testified that he signed the notes in blank and that he authorized them to be filled in for two and one half percent interest. He argues that filling them in for a higher interest either makes the notes void or uncollectible. The only evidence upon which the defendant relies to prove the alleged understanding about the rate of interest is his own testimony. Samples of this testimony are pertinent. Upon cross-examination the following occurred:

"Q  Did he tell you how much you owed at that time?

"A    We discussed the interest that was due at that time.

"Q    Did he tell you how much it was?

"A    *I can't verify figures that far back,* in our discussion, but we discussed the amount of the interest  *  *. (Emphasis supplied.)

"Q    But you have paid neither the remaining principal nor interest on the note, have you?

"A    No, sir."

On direct examination it was asked:

"Q    And I believe you testified this morning you signed [the notes] in blank.

"A    *I believe in blank,* yes.    (Emphasis supplied.)

Still later it was asked:

"Q    Will you proceed and tell the conversation with Mr. Taylor?

"A    *  *  *  Mr. Taylor asked if I would sign two new notes  *  *  *. In the meantime, *as I recall, they were not typed up, I believe they were signed, I am not mentioning the figures, but I believe they were signed in blank at the time."* (Emphasis supplied.)

*        *        *        *        *        *

"Q    Now, what if anything was discussed pertaining to the whole interest you owed on these two previous notes?

"A    Just that there would be an adjustment made on the interest, *as I recall, somewhere down to 2½%."* (Emphasis supplied.)

Nowhere in the record does it appear that even copies of the notes in blank were offered in evidence.   We note, too, that for seven years the defendant owed money on the notes and was in the position to have inquired and discovered the extent of his interest liability and corrected any discrepancies.   These items: no corroboration to the testimony of defendant, a party in interest, and the passage of time during which defendant could have attempted to correct the alleged error, along with the dubious nature of his own testimony could very well have caused the trier of facts to discredit his argument.   These are elements both intrinsic in the interested party's testimony and circumstances extrinsic to it which would permit such discrediting. Buzard v. Griffin, 89 Ariz. 42, 358 P.2d 155 (1960);   Ratley v. Industrial Comm., 74 Ariz. 347, 248 P.2d 997 (1952).   We recognize also that the trial court is not bound to accept the uncontradicted evidence of an interested party.   In re Gary's Estate, 69 Ariz. 228, 211 P.2d 815 (1949).   This assignment of error is not well taken.

██    The single remaining assignment of error concerns a security assignment of

defendant's interest in a trust, which assignment was given at the time the 1941 note was made. The court decreed that this assignment secures the sums sued for, that it secures the judgment, and that the assignment is superior to any rights the defendant may have in trust. The defendant contends that the assignment was given only to secure the 1941 note and any other indebtedness existing at the time the assignment was given. The instrument contains this paragraph:

"This assignment is made as security for the payment of that certain promissory note dated September 22, 1941, in the principal sum of Twenty-five Thousand ($25,000.00) Dollars, with interest at the rate of five percent per annum, due fifteen days after date, as well as any and all other indebtedness that the said James William England, Jr., *may be owing* to The Valley National Bank." (Emphasis added.)

The defendant argues that the words "may be owing" refer only to indebtedness that existed at the date of the assignment; the plaintiff contends that they contemplate future indebtedness. In Ex Parte American Fertilizing Co., 122 S.C. 171, 115 S.E. 236 (1922) where the meaning of the words "may be due" was in question, the court said:

"In my opinion the words 'may be due,' contemplate future indebtedness.

The phrase has a prospective slant. The use of the word 'due' does not necessarily imply that the debt has already matured. It is often used by business men in the sense of 'owing irrespective of the time of payment.' Century Dictionary. In the case of Shoemaker v. Smith, 37 Ind. [122] 128, the court says: 'The words "may be" are peculiarly appropriate to express the future and not the past.'" 122 S. C. at 177, 115 S.E. at 238.

See also Griggs v. City of St. Paul, 56 Minn. 150, 57 N.W. 461 (1894). Generally, the term "may be" is construed as meaning in the future, e. g. Bohart v. Anderson, 24 Okl. 82, 103 P. 742 (1909). That the parties in this case so construed it is indicated by the fact that four months after the assignment was given a second loan was made and note taken by the bank without requiring any additional security. In 1956, in a signed memorandum for the plaintiff's credit file, the defendant admitted that "some $42,000.00 was protected by my Assignment of my Estate", this being the unpaid balance of the 1941 note made at the time of the assignment and the 1942 note made four months thereafter. The trial court did not err in ruling that the assignment secured indebtedness of the defendant to the plaintiff arising after the date of the assignment.

The cause is remanded to the lower court with directions to modify that portion of the

judgment relating to the ownership of the insurance policy. In all other respects the judgment is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, J., concurring.