429 P.2d 464

**GREATER ARIZONA SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Appellant,**

v.

**L. D. A. GLEESON and Tresa A. Gleeson, his wife, Appellees.**

**No. 1 CA–CIV 395.**

Court of Appeals of Arizona.

June 27, 1967.

Rehearing Denied Aug. 14, 1967.

Review Denied Oct. 13, 1967.

Gust, Rosenfeld & Divelbess, by Joseph H. Worischeck, Richard A. Segal, Boyd H. Gibbons, III, Phoenix, for appellant.

Hill, Savoy & Flickinger, by John E. Savoy, Phoenix, for appellees.

Melvyn T. SHELLEY, Judge of the Superior Court.

Appellant filed against appellees and Ukrainian Village, a corporation, to foreclose a mortgage on property which, prior to the foreclosure, the appellees had transferred to Ukrainian Village. The Ukrainian Village is not a party to this appeal. In the complaint plaintiff prayed, among other things, as follows in Paragraph 4 of the prayer:

"That the proceeds of said sale be applied first to the costs and expenses of said sale and then to the amounts found due to plaintiff, and that plaintiff have judgment against the defendants L. D. A. Gleeson and Tresa Gleeson, his wife, for any deficiency which may remain after applying the proceeds of the sale properly applicable thereto to the payment and satisfaction of said judgment."

After appellees filed an answer wherein, among other things, they claimed that appellants were not entitled to a deficiency judgment because of an alleged allowance

by appellant to the defendant Ukrainian Village to retain possession of the property for ten months without receiving payment on the note and mortgage from said corporation, and, without notification to appellees, allowing the property to depreciate in value without giving the answering defendants an opportunity to protect the security of the note sued on, plaintiff moved for summary judgment. The order granting the motion for summary judgment is not in the record. However, the written judgment recites that an order was made directing a summary judgment against appellees for the amounts prayed for in the complaint, and that the court found that all the material allegations of plaintiff's complaint were true.

The written form of judgment did not carry·out the request as stated in Paragraph 4 of the prayer. It failed to provide for any deficiency and for its collection.

A.R.S. Section 33–725, subsecs. A and B reads as follows:

"A. When a mortgage or deed of trust is foreclosed, the court shall give judgment for the entire amount determined due, and shall direct the mortgaged property, or as much thereof as is necessary to satisfy the judgment, to be sold.

"B. Judgments for the foreclosure of mortgages and other liens *shall provide* that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject to the lien, and, except in judgments against executors, administrators and guardians, that a special execution issue to the sheriff or any constable of the county where the property is located, directing him to seize and sell the property as under execution, in satisfaction of the judgment. If the property cannot be found, or if the proceeds of the sale are insufficient to satisfy the judgment, then to make the money or any balance thereof remaining unpaid, out of any other property of the defendant." (Underscoring ours)

A.R.S. Section 33–727, subsec. A reads as follows:

"A. If the mortgaged property does not sell for an amount sufficient to satisfy the judgment, an execution may be issued for the balance against the mortgagor where there has been personal service, or the defendant has appeared in the action."

The decree of foreclosure was entered and a special execution issued. At the Sheriff's Sale the amount bid was less than the full amount of the judgment and a deficiency judgment was entered. The deficiency judgment was the basis of the issuance of the general execution which the appellees moved to quash. It is the granting of this motion which is the basis of the appeal. Therefore the questions to be here resolved are:

1. If a judgment of foreclosure is silent with respect to deficiency, is the deficiency provision of Section 33–725, subsec. B read, nevertheless, into the judgment as a matter of law?

2. Does Section 33–725, subsec. B require that a decree of foreclosure contain specific provisions for deficiency in order for a deficiency to be obtained in the event the proceeds from a foreclosure sale does not satisfy the judgment?

3. Was the defense with respect to the right to a deficiency litigated and decided adversely to the plaintiff-appellant in this case?

Appellant seems to rely almost entirely on the case of Bank of Douglas v. Neel, 30 Ariz. 375, 247 P. 132 (1926). However, it does not appear that the particular questions involved in this case were actually raised in the Neel case. In the Neel case the defendants filed a motion to quash the general execution on the ground that the special execution was still outstanding, that no return had been made thereon, and, that there was no deficiency judgment in the action either then or when the general execution was issued. The lower court granted the motion to quash the general execu-

tion and set aside the levy. Our Supreme Court said:

"The single assignment of error in effect presents one single proposition: That the court erred in quashing the general execution and vacating the levy for the reason that at the time the order was made the sheriff's return on the special execution showed a deficiency on the judgment, and, the reason which made the issuance of the general execution irregular having ceased, the latter was full of life and vitality and should have been sustained."

Then the Court in the Neel case discussed our then existing statutes in regard to deficiencies on mortgage foreclosures and held that the general execution should not have been quashed inasmuch as the order quashing the same was entered after the return of the special execution showing a deficiency. Nowhere does the Neel case discuss the questions, nor are they raised, as to whether or not deficiency provisions have to be specifically set forth in the judgment of foreclosure in order to have the right to a deficiency, and, as to whether or not if a judgment is silent in regard to deficiency, is the deficiency statute, nevertheless, read into the judgment.

This brings us then to the interpretation of Section 33–725, subsecs. A and B, in its relation to 33–727, subsec. A.

■ Section 33–725, subsec. B says: "Judgments for the foreclosure of mortgages and other liens *shall provide * * *"* and then the rest of the paragraph sets forth what the judgment shall provide with regard to a deficiency. We interpret the words "shall provide" to mean that a foreclosure judgment shall specifically provide for the things set forth in said subsection B, except when as set forth in Section 33–727 there has not been personal service and the defendant has not appeared in the action. Of course, there would be one additional exception and that is where the documents themselves precluded a deficiency judgment.

If Section 33–725, subsec. B is incorporated into a decree of foreclosure even when such a decree is silent with respect thereto and if in all instances the right to establish a deficiency is part and parcel of every decree of foreclosure, then, even in cases where service is procured by constructive service and in cases where the documents or defenses preclude a deficiency, a deficiency right would still be read into the decree. This would at least in part be violative of Section 33–727, subsec. A.

■ It therefore appears to us and we hold that before a deficiency can be established on a mortgage or lien foreclosure, the judgment must specifically provide therein contingently for establishment of deficiency in the event the proceeds of the foreclosure sale are not sufficient to satisfy the judgment. In other words, Section 33–725 and Section 33–727, subsec. A read together mean in effect that there are certain cases in which a deficiency cannot be obtained and that therefore, if there is to be a deficiency, it shall be provided for in the judgment of foreclosure. To hold otherwise would mean that we would then be saying that the terms of Section 33–725, subsec. B are read into a judgment regardless, and we would seem to be further saying that in all types of judgments of foreclosure there shall be a deficiency unless the foreclosure sale is for a sufficient amount to pay off the full judgment. This is not the intent of the law.

■ With regard to the final question as to whether or not the question of deficiency was litigated, it has heretofore been noted that the prayer specifically requested that the judgment provide for a deficiency. However the judgment of foreclosure was completely silent with respect to a deficiency and was approved as to form, accepted and signed by the Judge. It therefore appears to us and we hold that this matter was in effect litigated and decided adversely to the plaintiff. The court does not deem it necessary to decide whether or not the matters pleaded state a prima

facie defense to a deficiency, and we expressly decline to rule thereon.

The judgment of the lower court is affirmed.

STEVENS, J., concurs.

HARDY, Judge of the Superior Court (dissenting in part).

I concur with the other members of the Court that the order of the Superior Court quashing the writ of general execution should be affirmed because the judgment plainly did not comply with the requirements of A.R.S. 33–725, subsec. A.

However, I must strongly dissent from their ruling that the judgment determined that the plaintiff was not entitled to enforce a so-called deficiency judgment.

It particularly disturbs me that the majority ruling flies in the face of the facts as established by the record on appeal and ignores well settled principles of law. It is based wholly on conjecture.

The facts set forth in the record on appeal are not complicated. Plaintiff's complaint sought to enforce collection of a promissory note and to foreclose a mortgage on real property given to secure the note. The prayer of the complaint is standard for this type of action and includes a prayer that, in the event the mortgaged property does not sell for enough to satisfy the judgment, plaintiff then have judgment for any deficiency. The defendants' answer consisted of a general denial and affirmative allegations that they had transferred all of their right, title and interest in the property to another (who is not a party to this appeal), that plaintiff acknowledged the transfer and looked to the transferee for payment of the installments on the promissory note, and:

"That *upon information and belief* the plaintiff allowed the defendant UKRAINIAN VILLAGE to retain possession of said property for a period in excess of 10 months without receiving any payment on said note and mortgage and without notifying the defendants L. D. A.

GLEESON and TRESA A. GLEESON, his wife, and allowed the property to depreciate in value without giving the answering defendants an opportunity to protect the security of the note sued on herein." (Emphasis supplied.)

While the motion for summary judgment is not part of the record on appeal recitals of the judgment supply certain relevant facts:

(1) The motion for summary judgment was made by plaintiff and was granted directing summary judgment against the defendants for the amount prayed for in the complaint;

(2) The defendants did not file any affidavit in response to the motion for summary judgment;

(3) The court specifically found that the defendants had failed to plead specifically any matter raising a question of fact in this action;

(4) The court found that all of the material allegations in plaintiff's complaint were true and that the defendants were indebted to plaintiff upon the promissory note and that the indebtedness was secured by the real estate mortgage in the principal sum of $12,439.52 plus interest, costs and attorneys' fees.

The court *did not* find or adjudge that the plaintiff was not entitled to recover a so-called deficiency judgment. This is a holding which the majority seeks to engraft on the judgment. By doing so, they are taking advantage of a procedural omission by the appellant to deprive him of a substantive right—the right to be paid a just debt. The majority is granting a windfall to the defendants.

The ruling that the trial court necessarily determined that plaintiff was not entitled to a deficiency is legally wrong for three reasons: (1) the judgment does not expressly adjudge that plaintiff was not entitled to a deficiency, (2) plaintiff's right to relief was not controlled by the prayer of its complaint, and (3) as a matter

of law, summary judgment could not have been granted in favor of defendants on the deficiency issue.

1. *The Judgment does not Expressly Adjudge that Plaintiff was not Entitled to a Deficiency.*

The majority assume that the trial court adjudicated that plaintiff was not entitled to a deficiency because its complaint prayed for a deficiency and the judgment did not so provide. A principle binding upon trial courts should be equally binding upon appellate courts: a court may not assume facts upon which to base its judgment. Mathews v. Pyle, 75 Ariz. 76, 251 P.2d 893 (1952).

The majority have ignored a number of Arizona cases which have recited principles relating to the certainty of judgments. A judgment should be certain in itself or capable of being made so by proper construction. Solana Land Co. v. Murphey, 69 Ariz. 117, 210 P.2d 593 (1949). A judgment which does not show for or against whom it is entered will be void for uncertainty. Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931); Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549, Rehearing Denied, 57 Ariz. 118, 111 P.2d 628, 133 A.L.R. 556 (1941). A judgment which finds for both the plaintiff and the defendant is inconsistent and incapable of enforcement. Herr v. Kennedy, 22 Ariz. 141, 195 P. 530 (1921).

The judgment in this case was for the plaintiff in the full amount of its claim. Notwithstanding the plain language of the judgment, the majority would hold that it was for the plaintiff on the amount of the debt but was against him on the amount of the deficiency which he was entitled to collect. To reach that holding the majority must ignore all of the foregoing principles.

It has been held that where two causes of action are stated in a complaint and put in issue at the trial and the judgment awards recovery upon one but is silent as to the other, the judgment is prima facie adjudication that plaintiff was not entitled

to recover on the other cause. See Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603 (1945). By analogy, there were two causes of action in the instant case, (1) the plaintiff's claim on the note and mortgage, and (2) the defendants' claim that plaintiff was not entitled to a deficiency judgment. The judgment awarded recovery *in full* upon plaintiff's claim and was silent as to the right to recover a deficiency. Prima facie, then, there was an adjudication that the defendants were not entitled to be relieved of payment of any deficiency.

2. *Plaintiff's right to a Deficiency was not Controlled by the Prayer of its Complaint.*

The only reason given by the majority for holding that the question of deficiency was litigated is that the prayer of the complaint specifically requested that the judgment provide for a deficiency and since the judgment was silent with respect thereto, it must be assumed that the matter was in effect litigated and decided adversely to the plaintiff. They seem to impute some significance to the fact that the judgment was "approved as to form, accepted and signed by the Judge". It has always been my understanding that "approval as to form" signified an act by opposing counsel in compliance with provisions of Rule 58(d), Rules of Civil Procedure, 16 A.R.S. In this case counsel for the defendants did not endorse an approval as to form. The judgment appears to have been mailed to them and lodged with the court for entry in compliance with the rule. Consistent with the foregoing principles with respect to the certainty of a judgment, counsel for the defendants should certainly have objected to the form of the judgment since it did not in any way indicate an adjudication that the plaintiff would not be entitled to enforce a deficiency.

A more serious objection to the reasoning of the majority is their apparent lack of understanding of Rules of Civil Procedure which have been in effect for over

582

a quarter of a century. Rule 54(c), Rules of Civil Procedure provides:

"* * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

In other words, the prayer is not a part of the complaint in relation to determining the sufficiency of the complaint to state a claim for relief. Fenter v. Homestead Development and Trust Company, 3 Ariz. App. 248, 413 P.2d 579 (1966). A litigant's right to relief is dependent upon the facts legally proved under the pleadings regardless of what is demanded in the prayer. England v. Valley National Bank of Phoenix, 94 Ariz. 267, 383 P.2d 183 (1963); Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026 (1956); Bechtel v. Benson, 94 Ariz. 350, 385 P.2d 225 (1963). The right to a deficiency judgment is a substantive right which, as a matter of law, is a part of every mortgage in Arizona. Kresos v. White, 47 Ariz. 175, 54 P.2d 800 (1936). Had plaintiff's complaint not prayed for a deficiency judgment, it would still have been entitled to that relief under the pleadings. In that case, how would the majority have rationalized that there had been an adjudication of no deficiency?

3. *As a Matter of law, Summary Judgment could not have been Granted in Favor of Defendants on the Deficency Issue.*

Whether there was an adjudication of the trial court on the deficiency issue could well be determined by inquiring as to whether the defendants were entitled to summary judgment in their favor on this issue. If they were not entitled to summary judgment, obviously the judgment could not have included the adjudication which has been inferred by the majority. The record on appeal quite clearly demonstrates that the trial court could not have properly made an adjudication that plaintiff was not entitled to a deficiency judg-

ment. By granting the motion for summary judgment it necessarily determined:

"* * * the pleadings * * * together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Rules of Civil Procedure.

The judgment recites that the defendants filed no affidavits in response to the motion for summary judgment. Their answer was verified but the allegations therein by which the defendants seek to defeat a deficiency judgment *were made upon information and belief*. In connection with a motion for summary judgment "supporting and opposing affidavits shall be made on personal knowledge." Rule 56(e), Rules of Civil Procedure. Allegations in verified pleadings must conform with the standards for affidavits laid down by Rule 56(e). Fowler v. Southern Bell Telephone and Telegraph Company, 343 F.2d 150 (5th Cir. 1965). Since the defendants did not file any affidavit in opposition to the motion for summary judgment and the allegations of their answer do not comply with the requirements of Rule 56(e), how can the majority hold that the trial court adjudicated in favor of the defendants on the deficiency issue? If a judgment admits of two constructions, that one will be adopted which is consistent with the judgment required by the facts and the law of the case. Graham v. Graham, 174 Cal. App.2d 678, 345 P.2d 316 (1959); Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950). The facts and law of this case require a judgment that plaintiff was entitled to enforce collection of any deficiency.

The failure to provide for the collection of any deficiency in the judgment was obviously an oversight. Its effect is to make the judgment one of strict foreclosure. However, it should not deprive plaintiff of the right to pursue its claim for any deficiency by a new and separate action. See Smith v. Mangels, 73 Ariz.

203, 240 P.2d 168 (1952). To ignore the facts and law of the case and to rule that there has been an adjudication in favor of the defendants on the deficiency issue is a grave and disturbing miscarriage of justice.

NOTE: Chief Judge JAMES DUKE CAMERON and Judge FRANCIS J. DONOFRIO having requested that they be relieved from the consideration of this matter, Superior Court Judges MELVYN T. SHELLEY and CHARLES L. HARDY were called to sit in their stead and participate in this decision.