In re WAIKIKI HOBRON ASSOCIATES, Debtor.

WAIKIKI HOBRON ASSOCIATES, Plaintiff,

v.

INVESTMENT MORTGAGE, INC., Defendant.

Bankruptcy No. 79–00206(1).

United States Bankruptcy Court, D. Hawaii.

Aug. 18, 1981.

See also, Bkrtcy., 6 B.R. 643, Bkrtcy., 1 B.R. 668.

Alvin Ito, William J. Shannon, Honolulu, Hawaii, for defendant.

R. Charles Bocken, Steven H. Levinson, Diane D. Hastert, Honolulu, Hawaii, for plaintiff.

## ORDER RE: MOTION TO AMEND JUDGMENT

JON J. CHINEN, Bankruptcy Judge.

On June 25, 1981, Investment Mortgage Incorporated, hereafter "IMI", filed a Motion to Amend Judgment, wherein it sought to amend the judgment filed herein on June 19, 1981 by deleting paragraphs (2) and (4) therefrom, and adding a provision that Plaintiff be ordered to pay to IMI attorney's fees and costs as may subsequently be determined by this Court.

A hearing was held on the Motion on July 15, 1981, at which time William J. Shannon represented IMI and Diane D. Hastert represented Waikiki Hobron Associates, hereafter "WHA". Based upon the arguments of counsel, the records and memoranda filed herein, the Court finds as follows:

1. Paragraph (2) of the Judgment reads:

(2) The Mortgage by and between Domain Corporation, as attorney-in-fact for Waikiki Hobron Associates, a Hawaii Limited Partnership, and IMI, dated September 15, 1978, securing the aforesaid note in the amount of $1.8 million, filed on January 26, 1979, in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 920539, and noted on Transfer Certificates of Title Nos. 200,592, 200,953 and 201,717, is declared null and void and is hereby cancelled. The Assistant Registrar of the Land Court of the State of Hawaii is instructed to note said cancellation of said mortgage noted on Transfer Certificates of Title Nos. 200,592, 200,953 and 201,717 by appropriate reference to this order;

2. Paragraph (45) of the Findings of Fact provides in pertinent part as follows:

On or about October 5, 1979, while in San Francisco, Fujinaga executed a $1.9 million mortgage in favor of IMI *to secure payment of the fees recited in the Note and the F & S Agreement.* (Emphasis added.)

In its Conclusions of Law, after reciting in Paragraph 13 the legal basis for its ruling that no additional fees are owed by WHA to IMI, this Court concluded at paragraph 81 that "... IMI is not entitled to the $1.8 million fee." Thus, Paragraph (2) of the Judgment, providing that the IMI mortgage executed to secure the fees evidenced by the note is null and void, is consistent with and supported by the above-referenced Findings of Fact and Conclusions of Law.

3. In its Conclusions of Law and in paragraph (1) of the Judgment, the Court extinguished all of the alleged obligation of WHA to IMI on the Fee & Security Agreement, hereafter "F & S Agreement", and the promissory note. As recited at paragraph (45) of the Findings of Fact, the sole basis for the IMI mortgage was to secure payment of fees recited in the F & S Agreement and evidenced by the promissory note. IMI in its own Trial Memorandum filed

herein on August 1, 1980, stated that *"[t]he Mortgage merely secured the debt created by the Note."* (Emphasis added.) Accordingly, there can be no conceivable grounds for permitting the mortgage to continue to exist.

4. IMI asserts in its Supplemental Memorandum in Support of Motion to Amend Judgment that the Court failed to rule on its claim for *quantum meruit* and that the mortgage should be permitted to exist until that claim is satisfied. This argument ignores the fact that the Court has extinguished any debt on the part of WHA to IMI, effectively ruling that defendant's *quantum meruit* claim is without merit.

5. Rules of Bankruptcy Procedure 752 requires that the Court issue Findings of Fact and Conclusions of Law, followed by formal judgment in accordance with Rules of Bankruptcy Procedure 921.

■ 6. Judgment is to be entered consistent with the Findings of Fact and Conclusions of Law. A trial court, however, is not required to enter conclusions on each and every issue of law in order to support its judgment. *Duff v. Duff*, 256 Cal.App.2d 781, 64 Cal.Rptr. 604, 607 (1967). In that case the trial court entered judgment for the plaintiff, but failed to enter a specific conclusion respecting an asserted statute of limitation defense. The appellate court stated that a judgment will not be set aside for failure to make a specific finding when the judgment "results by necessary implication from the express findings made." *Id.* 64 Cal.Rptr. at 607–08. The "implied finding rule" does require findings as to all material facts sufficient to support a judgment. *Id.* 64 Cal.Rptr. at 608.

7. In the instant case, in finding that IMI's claim was based on a personal services contract, the fees of which were evidenced by a promissory note secured by a mortgage, and that the obligations under that contract were extinguished, the Court has ruled by necessary implication that the mortgage is null and void and should be cancelled.

8. IMI further argues that paragraph (2) of the Judgment is in error because plaintiff's complaint respecting the issue of condition precedent (Count IV) and its Proposed Findings of Fact and Conclusions of Law addressing Count IV did not pray specifically that the mortgage be declared null and void. Count IV sought to extinguish any obligation based on the F & S Agreement. Once the obligation was extinguished, the mortgage securing it would be voided accordingly.

■ 9. Even if this Court were to determine that plaintiff's prayer for relief respecting Count IV should have included a specific request that the mortgage be declared null and void, a trial court can grant relief to which a party is entitled under the evidence adduced, even if the party has not explicitly demanded such relief in its pleadings. Fed.R.Civ.P. 54(c). *See also Roach Aircraft, Inc. v. Sable*, 513 P.2d 244, 247 (Colo.App.1973); *Baldeviso v. Thompson*, 54 Hawaii 125, 504 P.2d 1217, 1223 (1972); *England v. Valley National Bank of Phoenix*, 94 Ariz. 267, 383 P.2d 183, 184 (1963).

■ Based on the foregoing, this Court finds that Paragraph (2) of the Judgment declaring the IMI mortgage null and void should not be amended, and plaintiff should be permitted to have the mortgage expunged forthwith.

10. Paragraph (4) of the Judgment reads as follows:

(4) IMI is ordered to pay to the plaintiff reasonable attorney's fees and costs as may be subsequently determined by this Court.

11. In the Findings of Fact and Conclusions of Law filed on May 29, 1981, there is no reference to attorney's fees being paid by either party. Although WHA's proposed Findings of Fact and Conclusions of Law contained a provision for the payment of attorneys fees by IMI to WHA, this Court did not adopt the suggested provision. Thus, Paragraph 4 should be and is deleted from the Judgment.

■ 12. IMI contends that, by virtue of Paragraph IV.B. of the F & S Agreement,

it is entitled to attorney's fees. Said Paragraph IV.B. provides as follows:

Developer agrees to indemnify and hold IMI harmless from any and all claims arising from the execution of this agreement, and to indemnify and hold IMI harmless from any and all costs, including attorney's fees, incurred by IMI by reason of the execution of this agreement.

13. IMI had not previously asserted a claim for indemnification. It did not assert such a claim in its Answer to the Third Amended Complaint filed on March 27, 1980.

14. Fed.R.Civ.P. 8(a), made applicable in this proceeding by Rules of Bankruptcy Procedure 708, provides as follows:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, *shall contain* (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, *(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled.* Relief in the alternative or of several different types may be demanded. (Emphasis added).

15. No pleading filed by IMI in this action mentions an indemnification agreement, much less stating a claim in compliance with the requirements of the above-quoted Rule. IMI has failed to state any claim at all, much less one upon which relief could be granted and to which WHA has had an opportunity to respond.

16. Fed.R.Civ.P. 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." The pleadings in this matter should be construed so as to prohibit IMI's tardy claim, inasmuch as there has been no compliance with the well-established rules regarding the statement and presentation of claims.

17. IMI is prohibited by the rules from attempting to present its claim at this time. Fed.R.Civ.P. 13(a), made applicable in bankruptcy by Rules of Bankruptcy Procedure 713, provides in pertinent part as follows regarding compulsory counterclaims:

A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. (Emphasis added.)

IMI's belated attempt to assert a claim for indemnification is subject to the compulsory counterclaim rule.

18. For procedural purposes a claim for indemnification is ripe for adjudication and may be tendered in a pending action in which primary liability is being adjudicated. *Atlantic Aviation Corp. v. Estate of Costas*, 332 F.Supp. 1002, 1977 (E.D.N.Y.1971).

19. The district court further noted that a defendant's claim against a plaintiff on an alleged indemnification agreement between them is within the compulsory counterclaim language quoted above. *Id.* at 1007.

[A claim for indemnification is] ... within the precise language of Rule 13(a), [because] it was a litigable claim which at the time of the serving of the pleading, the pleader had against an opposing party, it arose out of the transaction or occurrence that was the subject matter of the opposing party's claim, and it did not require for its adjudication the presence of third parties over whom the court could not acquire jurisdiction. In other words, here, and generally, a claimover is, if it exists in behalf of a primary defendant against the plaintiff, precisely within the definition of counterclaim, and it is a presently litigable claim. *Id.*

Similarly, in *Mobile Power Enterprises, Inc. v. Power Vac, Inc.*, 496 F.2d 1311, 1312–13 (10th Cir. 1974), a trial court was found to have awarded erroneously costs to a prevailing defendant because he had failed to assert a claim for indemnification by way of counterclaim.

20. IMI presented no evidence respecting the validity or application of the alleged indemnification agreement. Therefore, its proposed amendment to the judgment would have no basis whatsoever in the evidence before this Court.

21. In addition, WHA was not given an opportunity to defend against any claim for indemnification based on the indemnification provision in the F & S Agreement.

22. Finally, in no event is it conceivable that a court of equity could award attorney's fees to a losing party, and IMI has presented no legal authority to support its contention in these circumstances. It is beyond reason that a prevailing party, having been put to enormous cost and effort to establish its position, should be required to pay a losing party for the trouble it has caused.

23. Thus, there is no basis to add a provision to the Amendment concerning payment of fees to IMI.

IT IS HEREBY ORDERED that

1. The Motion to Amend Paragraph (2) of the Judgment is denied.

2. The Motion to Amend Paragraph (4) of the Judgment is granted.

3. IMI is not entitled to attorney's fees and costs.