412 P.2d 743

The STATE of Arizona ex rel. Milton J. HUSKY, Treasurer, and Allen H. Rhodes, Registrar of Contractors, Appellants,

v.

Stanley C. OAKS and Ruth Oaks, husband and wife, Appellees.\*

No. 2 CA–CIV 86.

Court of Appeals of Arizona.

March 28, 1966.

Number 8209. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

Darrell F. Smith, Atty. Gen.; Robert S. Murlless, Asst. Atty. Gen., Phoenix, for appellants.

Dunseath, Stubbs & Burch, by Robert B. Buchanan, Tucson, for appellees.

PORTER MURRY, Superior Court Judge.

Stanley C. Oaks and Ruth Oaks, husband and wife, hereinafter referred to as appellees, on August 16, 1963, filed a complaint in the Superior Court of Pima County alleging breach of a written contract and asking for damages against the defendant therein, Olympic Pools, Inc. Milton J. Husky, State Treasurer, was also a named defendant, as depository of a cash deposit under the provisions of A.R.S. § 32–1152, as amended.

Default was entered against both defendants on September 16, 1963, and on the same day judgment was entered against both defendants, but limiting the one against Milton J. Husky, as State Treasurer, to the cash deposit that the defendant below, Olympic Pools, Inc., had deposited in lieu of bond under the provisions of A.R.S. § 32–1152.

On September 17, 1963, an amended judgment was entered for the same amounts contained in the original judgment, but which restricted enforcement of the judgment against the State Treasurer to be by special writ of execution against the cash deposit.

On the 23d day of September, 1963, appellees were served with process as defendants in an interpleader action filed by the State of Arizona, ex rel., Milton J. Hus-

ky, Treasurer of the State of Arizona, and on October 25, 1963, appellant State of Arizona filed its verified motion to set aside default and judgment upon the grounds of excusable neglect and a defense of lack of priority. Appellees opposed the motion, and after notice of hearing, their position was upheld by the lower court.

Appellants do not quarrel with the facts as set out above, but, in addition, state that "eight claims were filed against this cash deposit between August 7th and the 23rd day of August, 1963," and that the claim of the appellees was fifth; that judgment was entered upon the testimony of Ruth Oaks and does not refer to any other claims or judgments against the same deposits in lieu of bond.

Appellants contend that with the motion to set aside default and judgment was filed an affidavit pointing out to the court the multiplicity of liability and jeopardy to the State Treasurer and the insolvency of the deposit.

■ Based upon these facts and contentions of appellants, they state the issue to be: "Should this Court adopt the equitable rule of 'pro-rata distribution', of multi-claim insolvent fund, account or trust, or should this Court sanction, for multiple claims, 'the race of diligence'?"

On the record from the lower court we fail to see how this could be an issue. There is no transcript of testimony and only pleadings are before us.

The only issue before this Court is: Did the lower court abuse its discretion in denying appellant State of Arizona's motion to set aside default and judgment?

■■ We have repeatedly held, in order to secure the setting aside of a default judgment, the party in default must show first, excusable neglect, and second, a meritorious defense. See Prell v. Amado, 2 Ariz. App. 35, 406 P.2d 237 (1965); Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963); Hendrie Buick Company v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960); Wellton-Mohawk Irrigation and Drainage

District v. McDonald, 1 Ariz.App. 508, 405 P.2d 299 (1965); Marquez v. Rapid Harvest Co., 1 Ariz.App. 138, 400 P.2d 345 (1965); and Safeway Stores, Inc. v. Ramirez, 1 Ariz.App. 117, 400 P.2d 125 (1965). Rule 55(e), Arizona Rules of Civil Procedure, 16 A.R.S., makes it clear that a default judgment may be taken against the state or an officer thereof if the right to relief is established to the satisfaction of the lower court:

> "Judgment against the state. No Judgment by default shall be entered against the state or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

There is nothing in the record before us that would indicate that such satisfactory evidence was not presented to the trial court. This being so, then it follows that the state, its officers and legal representatives must be held to the same standards as any other party seeking to set aside a default and judgment.

■ The appellants herein, therefore, may not be excused from a default and judgment resulting from failure to make a timely appearance in defense of a valid service of summons and complaint without a proper showing of excusable neglect as required by Rules 55(c) and 60(c), Arizona Rules of Civil Procedure, 16 A.R.S.

The only facts attempting to show excusable neglect are found in appellant State of Arizona's motion to set aside default and judgment, wherein it is stated:

> "1. For excusable neglect in answering, because of a multiplicity of actions, and the necessity of filing an interpleader action in pleading nine (9) claimants, who have filed said actions against the identical deposit in lieu of bond, by the principal defendant, OLYMPIC POOLS, INC., pursuant to A.R.S. 32–1152, as amended."

No authority is cited showing that it is excusable neglect to disregard the filing of an

answer and to file an interpleader action in lieu thereof.

The test of what is excusable is whether the neglect is such as might be the act of a reasonably prudent person under the same circumstances. Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957). It appears that the defendants have not given the service of process the consideration which ordinarily prudent persons would have. Schering Corporation v. Cotlow, supra.

The setting aside of a default judgment lies within the sole discretion of the trial court and the decision of the trial court will not be set aside unless there has been an abuse thereof. Prell v. Amado, supra. We are of the opinion that the trial judge did not abuse his discretion in finding there was no sufficient showing of excusable neglect. It is, therefore, unnecessary to determine whether the appellants had a meritorious defense. See Schering Corporation v. Cotlow, supra.

Appellants have raised other issues in their brief but since they were not raised in the court below they may not be considered on appeal. England v. Valley National Bank of Phoenix, 94 Ariz. 267, 383 P.2d 183 (1963); City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135 (1959).

Allen H. Rhodes, Registrar of Contractors, was added as a party in the appellants' brief, but has no place in this appeal.

KRUCKER, C. J., and MOLLOY, J., concur.

NOTE: Judge James D. Hathaway having *requested that he be relieved from consideration of this matter, Judge Porter Murry was called to sit in his stead and participate in the determination of this decision.*