462 P.2d 84

**STATE of Arizona, Appellee,**

v.

**Mitchell T. BLAZAK, Appellant.**

**No. 1976.**

Supreme Court of Arizona.
In Banc.
Dec. 8, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

LOCKWOOD, Vice Chief Justice.

This is a criminal case in which the defendant, Mitchell T. Blazak, was charged with robbery (A.R.S. § 13–641) and assault with intent to commit murder (A.R.S. § 13–248). This appeal is concerned solely with what occurred between the time of the defendant's arrest and his conviction more than a year afterwards. Therefore, it is not necessary to recite the facts out of which the charges arose.

The defendant was arrested on April 1, 1967, and incarcerated in the Pima County Jail. Counsel was appointed for his defense. The defendant's actions led both the jailors and his attorney to question his mental stability, and following a nine day hunger strike the defendant was transferred to the Pima County Hospital. At this time his attorney also requested that a hearing be held pursuant to Rule 250, Ariz.R.Crim.P., 17 A.R.S., to determine whether he was able to understand the nature of the proceedings against him and assist in his defense.

On June 14, 1967, this hearing was held. The court found that the defendant was unable to understand the nature of the proceedings against him or assist in his defense at that time and ordered him committed to the Arizona State Hospital. On July 19, 1967, he was discharged by the authorities of the hospital.

Subsequently, on August 22, 1967, and October 16, 1967, two more Rule 250 hearings were held. At both of these hearings the court determined that Blazak was unable to stand trial and ordered him recommitted to the State Hospital. Each time he was released shortly thereafter by the authorities of the hospital.

A fourth Rule 250 hearing was requested and set for sometime in April, 1968. However, this hearing was never held and on July 9, 1968, the defendant came to trial on the two crimes charged. At this time, the court noted that the defendant had previously been committed on a Rule 250 hearing and queried whether, without an additional 250 hearing, he was legally capable of standing trial. At this time both the defendant and his counsel stated that they believed he was capable of standing trial and wished to waive a further hearing on that matter.

From the beginning of the trial, the court, the County Attorney and the defense counsel all agreed that they were not proceeding under the Rules of Criminal Procedure, 17 A.R.S., but, instead, under a newly enacted statute—A.R.S. § 13-1621 et seq. Pursuant to this statute, the defendant entered a plea of guilty to committing the acts of the crimes and the case went to trial solely on the issue of insanity before the judge sitting without a jury.

Following the presentation of evidence, and before the judge made his ruling, the judge made a lengthy comment as to what he believed the law to be under the new statute. A reading of this comment and the court's ruling show that, although the judge ruled that beyond a reasonable doubt the defendant was sane at the time the offense was committed, he believed the burden was on the defendant to prove insanity beyond a reasonable doubt. Based on this ruling, and the defendant's plea of guilty to committing the acts, the judge found the defendant guilty of both crimes and sentenced him to consecutive prison terms. From this judgment and sentence the defendant appeals.

In this appeal, we are presented with three questions for review. The defendant first maintains that A.R.S. § 13-1621 et seq. is violative of the Arizona Constitution, art. 6, § 5, subd. 5, and art. 3, A.R.S., as a legislative usurpation of the rule-making powers granted exclusively to the Supreme Court.

In 1960 Arizona's Constitution was amended and the Supreme Court was given the exclusive power to make rules relative to all procedural matters in any court. Ariz.Const., art. 6, § 5, added, 1960. Appellant argues that the statute under which he was tried is a legislative attempt to usurp this exclusively judicial function and is, therefore, unconstitutional. We do not agree with this contention.

■ Following the adoption of this constitutional provision, we held that the power to make procedural rules was now vested exclusively in this Court. Arizona Podiatry Assoc. v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966). In expanding on that holding, we also cited with approval the prior rule of Burney v. Lee, 59 Ariz. 360, 129 P.2d 308 (1942). We stated that:

> "In Burney v. Lee, supra, we held that under an act of the Arizona legislature statutory rules of procedure 'shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated pursuant to this act.' This same principle is applicable to the constitutional authority vested in the supreme court in giving it the power 'to make [all] rules relative to all procedural matters in any court.' *The statutory rules shall remain in effect until modified or suspended by the rules promulgated by the supreme court.*" (Emphasis supplied.) 101 Ariz. at 546, 422 P.2d at 110.

■ An examination of A.R.S. § 13-1621.01 discloses that while it does promulgate certain rules of procedure, it also creates some new substantive rights in persons under a criminal charge. We believe

the practice of such procedural legislation should be avoided as far as possible, lest it infringe on the constitutional rule making authority and separation of powers. However, since new substantive rights are here created, and procedural rules of the statute are promulgated to supplement the new rights, we will apply the principle stated in Burney v. Lee, supra. That is, the statutory rules accompanying the newly created statutory rights shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated by this Court pursuant to Art. 6, § 5 of the Arizona Constitution. To attempt to promulgate such rules hastily without the necessary study and deliberation to make them effective, might produce a less than satisfactory result.

We now turn to appellant's second question: Is it reversible error for a court, sitting without a jury, in a criminal matter to which a defense of insanity has been entered, to impose the burden of proof of insanity on the defendant, notwithstanding that the court finds the defendant is found sane beyond a reasonable doubt?

Prior to the enactment of A.R.S. § 13–1621 et seq., we had definitely ruled that once the defendant introduced sufficient evidence to raise a doubt as to his sanity under the rule of M'Naghten's Case, the burden shifted to the state to establish sanity beyond a reasonable doubt. State v. Martin, 102 Ariz. 142, 426 P.2d 639 (1967).

Our statute was presumably patterned after the California provision, Cal. Penal Code, § 1026 (1956). The California Supreme Court has consistently held the defendant has the burden of proving his insanity by a preponderance of the evidence. However, the Arizona Legislature in adopting § 13–1621.01, specifically provided that "the multiple trial concept shall not affect the traditional burden of proof * * *." A.R.S. § 13–1621.01, subsec. B. Obviously the Legislature did not intend to change the burden of proof as it existed at the time the statute was enacted. Therefore, we hold that the rule of State v.

Martin, supra, is still the law in Arizona. Hence, it was error for the trial judge to impose upon the defendant the burden of establishing his insanity after the initial presumption of sanity had been overcome.

The state argues that the court's finding that the defendant was sane beyond a reasonable doubt cures any error which may otherwise have been committed by imposing the burden on the defendant. We do not agree.

Prior to making his ruling, the trial judge made a lengthy comment. From this comment it is clear that the court held the defendant to the burden of proof on the issue of insanity. This is a basic misconception of the law to be applied. This is analogous to a jury trial wherein the judge has improperly declared the law in the instruction to the jury. See Wilson v. United States, 250 F.2d 312 (9th Cir., 1957). It was therefore reversible error for the court to require the defendant to carry the burden of proof of insanity.

Although the defendant must be retried on the issue of insanity, we feel that it is necessary to briefly answer the last question presented. Here appellant asks whether it was improper for the trial court to accept the defendant's waiver of a fourth hearing on the issue of his sanity at the time of trial.

From the time of the defendant's first hearing on his sanity up until slightly less than one month prior to the trial, the trial court was properly proceeding under our Rules of Criminal Procedure. Rule 250, Ariz.R.Crim.P., 17 A.R.S. Under this rule, it is clear that a defendant's right to another sanity hearing after being released from the State Hospital could be waived in some cases. State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967). However, on July 10, 1968, when the defendant and his counsel attempted to waive the fourth insanity hearing, they were not acting under Rule 250, but were proceeding under the new statute. A.R.S. § 13–1621 et seq. This statute provides that where the defendant has previously been committed to

the State Hospital, the trial court *"shall* conduct *another* hearing to determine whether the defendant is able to understand the proceedings against him and to assist in his own defense." A.R.S. § 13–1621, subsec. H, par. 4. (Emphasis supplied.) This wording is mandatory and substantive and therefore the trial judge erred in accepting the attempted waiver of the fourth hearing.

The state's contention that a waiver was made prior to the effective date of A.R.S. § 13–1621 is without merit. Although a motion to vacate a Rule 250 hearing in another case against this defendant (Pima County Superior Court No. A–15715) was made in April, 1968, we can find no such motion in the record of this case.

Reversed and remanded for proceedings consistent with this opinion.

UDALL, C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.