493 P.2d 944

**ARIZONA STATE TAX COMMISSION, an official agency of the State of Arizona, Appellant,**

v.

**CATALINA SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Appellee.**

**No. 2 CA–CIV 948.**

Court of Appeals of Arizona, Division 2.

Feb. 9, 1972.

Rehearing Denied March 7, 1972.

Review Denied April 4, 1972.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellant.

Estes, Browning & Zlaket, by William D. Browning, Tucson, for appellee.

HATHAWAY, Judge.

The Arizona State Tax Commission, defendant in the trial court, has appealed from a judgment entered on July 22, 1970, in the Superior Court of the State of Arizona in and for the County of Pima, granting a default judgment to the plaintiff, Catalina Savings and Loan Association, and from the September 21, 1970, order denying its motion to set aside the default judgment.

Catalina Savings and Loan Association filed a complaint on February 27, 1970, seeking a review of the tax commission's assessment of additional taxes for 1963 through 1968 and denying the taxpayer's protests and claims for refunds. The summons was directed to the Arizona State Tax Commission, 415 W. Congress, Tucson, Arizona, where it was served on February 27, 1970, on the Director of the Tucson branch of the tax commission.

On April 10, 1970, an affidavit of default was filed and default was entered. On April 14, 1970, a motion to dismiss was filed by the tax commission and was denied by the court on May 13, 1970. The commission petitioned for a review of that action on July 10, 1970. The petition was denied on July 31, 1970.

On April 16, 1970, the tax commission filed an answer and on May 19, 1970, filed a motion to set aside the default. The motion was denied on June 10, 1970.

The parties filed a stipulation of facts on July 10, 1970, and a default hearing was held, with counsel present, on that day. Judgment was entered twelve days later, and a motion to set aside the default judgment was filed September 18, 1970, and denied on September 21, 1970. Notice of this appeal was filed on the same day.

On appeal, the tax commission questions: (1) The trial court's jurisdiction because of insufficiency of process; (2) whether the trial court abused its discretion in denying the motion to set aside default because excusable neglect and a meritorious defense was established, and (3) whether satisfactory evidence was submitted in establishing Catalina's claim justifying entry of default judgment and denial of the motion to set aside default judgment.

## SUFFICIENCY OF PROCESS

■ The tax commission contends that service of the complaint and summons on the Arizona State Tax Commission at its branch office in Tucson, Arizona was insufficient under Ariz.R.Civ.P. 4(d) 7, 16 A.R.S., which provides for service:

"Upon the state, by delivering a copy of the summons and of the complaint to the attorney general."

In denying the motion to dismiss based upon the foregoing section, the trial court relied upon A.R.S. § 43–186, subsec. e (Supp. 1971–1972) which provides:

"Whenever an action is commenced against the tax commission under this title a copy of the complaint and the summons shall be served upon the tax commission or the chairman of the commission."

■ The tax commission urges that the rule requiring service on the attorney general must prevail since Ariz.Const. art. 6, § 5 grants exclusive power to make rules relative to all procedural matters to the Arizona Supreme Court, State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969), and that the legislature had no power to reserve unto it a determination of the manner in which service is to be accomplished upon the state and its agencies. Initially, we observe that this provision of Ariz.Const. art. 6, § 5, A.R.S. was added, effective November 8, 1960. As the court stated in Arizona Podiatry Ass'n v. Director of Insurance, 101 Ariz. 544, 546, 422 P.2d 108, 110 (1966), "the supreme court was specifically given jurisdiction over all *future* rules or changes in the rules for judicial procedure. . . ." [Emphasis added]. Ariz.R.Civ. P. 4(d) 7 was enacted in its present form at the time of the 1956 revision of the Arizona statutes and A.R.S. § 43–186, subsec. e·in its present form was enacted in 1954, thereby neither provision is directly affected by the 1960 amendment. In

any event, the 1960 amendment would not affect the result here. In considering post-amendment legislative procedural rule-making power, the court in State v. Blazak, supra, reaffirmed its approval of the prior rule set down in Burney v. Lee, 59 Ariz. 360, 129 P.2d 308 (1942), where the court stated:

> "'[S]tatutory rules of procedure "shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated pursuant to this act." . . . . *The statutory rules shall remain in effect until modified or suspended by the rules promulgated by the supreme court.'*" [Original emphasis] 105 Ariz. at 217, 462 P.2d at 85.

The tax commission further contends that assuming the legislature had power to provide for the manner of service, that power must be considered as concurrent with the requirement of the rule promulgated by the Arizona Supreme Court, requiring service on the state be made upon the attorney general. In other words, it is the tax commission's position that if exclusive power in dealing with procedural matters is not vested in the Arizona Supreme Court, in this case Catalina Savings and Loan Association would have to have served both the commission or its chairman and the attorney general before the superior court could obtain jurisdiction. Both parties have overlooked controlling authority on this precise point as set forth by the Arizona Supreme Court in State v. McCarrell, 80 Ariz. 240, 295 P.2d 1086 (1956). There, in an action to quiet title the state was served by delivering process to the attorney general pursuant to Ariz.Code Ann. § 27–1401 (1939), [now A.R.S. § 12–1101 (1956)]. Ariz.Code Ann. § 21–305, subsec. 4 (1939), [now Ariz.R.Civ.P. 4(d) 7–8] provided, in actions against the state, for service to be made upon "the chief executive officer, the secretary, clerk or recording officer thereof." In upholding a default entered against the state the court rejected arguments that the special statute was repealed by implication by passage of the subsequent general rule of civil procedure and that the existence of both statutes required service on both the attorney general and the governor.[1] See also State ex rel. O'Neil v. Hall, 57 Ariz. 63, 110 P.2d 960 (1941). As stated in Williams v. Bankers National Ins. Co., 80 Ariz. 294, 297 P.2d 344 (1956):

> "The procedure to be followed [where set out in a special statute] is exclusive and mandatory in order to vest jurisdiction in the court." 80 Ariz. at 301, 297 P.2d at 349.

The tax commission also contends that service on the commission at its branch office in Tucson did not even comply with the requirements of A.R.S. § 43–186, subsec. e (Supp. 1971–1972). A.R.S. § 42–104, subsec. A (1956) provides:

> "The office of the commission shall be located at the state capital [sic]."

Its contention is that in "a strict, technical and legal sense, the branch office of the commission at Tucson is not a legal office of the commission." We do not believe that this last point is seriously urged in view of the important function and use made of the Tucson branch office. Thus, we cannot accept the stretching urged by the commission to find that it is not a legal office of the commission. Likewise, the tax commission's argument lacks merit in view of the specific provision made by the legislature in A.R.S. § 43–186, subsec. e (Supp. 1971–72) that service shall be made "upon the tax commission or the chairman of the commission." The tax commission may be sued in the superior court where the taxpayer resides. A.R.S. § 43–186, subsec. b (Supp. 1971–72). We find no merit in this contention.

---

1. The "Reviser's Note" to Ariz.R.Civ.P. 4 (d) indicates that the Arizona provision was intended to correspond to Fed.R. Civ.P. 4(d) (4). The effect of Fed.R. Civ.P. 4(d) (4) and (5), however, is to require service *both* upon the United States Attorney *and* the officer or agency involved in the litigation. As in most instances the Arizona Attorney General will defend actions against the state. A provision similar to that in the federal rules would appear well-founded.

**402**

## EXCUSABLE NEGLECT

■ In an effort to establish excusable neglect as grounds for setting aside the default judgment under Ariz.R.Civ.P. 55(c) and 60(c), as amended, the assistant attorney general filed a supporting affidavit based upon his information and belief, alleging that after service on the director of the Tucson office of the tax commission "the summons and complaint were not routed to the appropriate departments of the commission for ultimate delivery to the attorney general." We find the affidavit deficient in two respects. First, it is not based upon the personal knowledge of the affiant. Parag v. Walters, 11 Ariz.App. 276, 464 P.2d 347 (1970). It is further deficient in that it does not set forth the specifics relating to the alleged excusable neglect. The court is left to guess why the papers were not properly routed. In Coconino Pulp and Paper Co. v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957), relied upon by both parties, the supporting affidavit affirmatively set forth the specific reason for the failure to answer. There, the difficulty was pinpointed in the breakdown of the law office's interoffice practice of sending calendar sheets to attorneys responsible for handling certain matters. The responsible attorney in that case did not receive the calendar sheet pertaining to the case in question. In *Coconino* the court cited Elms v. Elms, 72 Cal.App.2d 508, 164 P.2d 936 (1946) where the California court noted the generally liberal judicial policy calculated to afford trials on the merits. The California court also noted that:

"The law frowns upon setting aside default judgments resulting from inexcusable neglect of the complainant." 164 P. 2d at 939.

We are of the opinion that the trial court in the instant case properly declined to vacate the default judgment on the basis of the inadequacy of the showing of excusable neglect.

## EVIDENCE TO SUPPORT JUDGMENT

■ The tax commission contends that when a default judgment has been taken against the state, the plaintiff has a greater burden of proving his case than where default is entered against a private party. The basis for this contention is Ariz.R. Civ.P. 55(e), which provides:

"No judgment by default shall be entered against the state or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

Considering the same contention in State ex rel. Husky v. Oaks, 3 Ariz.App. 174, 412 P.2d 743 (1966) we held:

"Rule 55(e), Arizona Rules of Civil Procedure, 16 A.R.S., makes it clear that a default judgment may be taken against the state or an officer thereof if the right to relief is established to the satisfaction of the lower court:

\* \* \* \* \* \*

There is nothing in the record before us that would indicate that such satisfactory evidence was not presented to the trial court. This being so, then it follows that the state, its officers and legal representatives must be held to the same standards as any other party seeking to set aside a default and judgment." 3 Ariz.App. at 176, 412 P.2d at 745.

See also Husky v. Lee, 2 Ariz.App. 129, 406 P.2d 847 (1965).

■ In the instant case the parties, through their attorneys, entered into a stipulation of facts which was filed with the court on the day the default hearing was held. Appellee admits that the case would probably result in a judgment against it on the merits if tried today,[2] but points out

---

2. Since the court entered its judgment, the United States Supreme Court decided the question on the merits adversely to appellee in Commissioner of Internal Revenue v. Lincoln Savings & Loan Association, 403 U.S. 345, 91 S.Ct. 1893, 29 L. Ed.2d 519 (1971).

that the converse result most likely would have been reached on the merits at the time the judgment was entered. As we pointed out in State v. Oaks, supra, to secure the setting aside of a default judgment, the party in default must show first, excusable neglect, and second, a meritorious defense. The tax commission has failed to establish excusable neglect and we therefore need not decide whether there existed a meritorious defense. We find that the stipulated facts satisfactorily supported the judgment. Affirmed.

KRUCKER, C. J. and HOWARD, J., concur.