## 130

506 P.2d 641

**STATE of Arizona, Appellee,**

v.

**Charles Lowell MILLER, Appellant.**

No. 2462.

Supreme Court of Arizona,
In Banc.
Feb. 21, 1973.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

The Appellant, Charles Lowell Miller, entered a plea of guilty to an amended information charging the offense of attempted rape. He was sentenced to confinement in the State Prison and filed a timely appeal.

The record discloses that the Appellant also entered a plea of guilty to an amended information charging the offense of lewd and lascivious acts, and the proceedings as to this amended information took place at the same time and before the same trial judge, but it bore a separate number in the trial court, and there was no formal order consolidating the two cases. An appeal was taken from the judgment and sentence on the amended information charging lewd and lascivious acts, but the appeal was to the Court of Appeals. Pursuant to Rule 47(e)5, Rules of the Supreme Court, 17 A. R.S., we ordered the appeal transferred from the Court of Appeals to this Court, and we have consolidated the matters for determination since all the issues presented are identical.

The Appellant was originally charged during August, 1970, with three informations. Cause No. 63936 charged the Appellant with the offense of rape. Cause No. 64026 charged him with grand theft and

aggravated battery, and Cause No. 64039 charged him with aggravated battery, assault with a deadly weapon and lewd and lascivious acts. Shortly after Appellant's arraignment in September, 1970, his appointed counsel filed a motion for examination of the Appellant's mental condition pursuant to A.R.S. § 13–1621. The motion was granted, the Appellant was examined by two psychiatrists and thereafter a hearing was held at which the trial court found that the Appellant was unable to understand the nature of the proceedings or to assist counsel in his defense. The Appellant was committed to the State Hospital for treatment. The Appellant remained in the State Hospital for a little over two months, and in December, 1970, the Superintendent of the State Hospital forwarded to the trial judge the reports of the treating psychiatrists who reported that the Appellant was not suffering from any mental illness or defect and that he was able to understand the charges against him and assist his counsel in his defense.

After receiving the reports, the trial court, as required by A.R.S. § 13–1621, subsec. H, par. 4, set the matter for hearing. On January 25, 1971, the matter was heard, and, by stipulation of counsel, oral testimony was waived, and the records and reports of the psychiatrists were submitted as the evidence in the cause. The trial court took the matter under advisement. Unfortunately, the record does not disclose that the trial judge ever made a ruling on the matter, and the record fails to show that the trial court ever determined that Appellant was able to understand the proceedings against him and to assist counsel in his defense.

The several informations were set for trial, but on April 21, 1971, Appellant appeared before the trial court for the purpose of changing his plea to amended informations which were to be filed pursuant to a plea bargain entered into between Appellant and the State. The record discloses that Cause No. 64039 charging aggravated

battery, lewd and lascivious acts and assault with a deadly weapon was to be dismissed and that a pending complaint in the Northeast Justice Court of Maricopa County, Cause No. 14535, charging a confidence game, was also to be dismissed. An amended information in Cause No. 63936 was to be filed, charging attempted rape, and an amended information in Cause No. 64026 to charge lewd and lascivious acts was to be filed.

The trial court permitted the filing of the amended informations and interrogated Appellant to determine whether his offered plea was made voluntarily, intelligently and understandingly.

After the interrogation the court concluded that the requisites for accepting the plea were presented on the record, and the court accepted Appellant's plea of guilty to each of the amended informations.

On October 13, 1971, sentence was imposed, and Appellant was sentenced to not less than 1 nor more than 5 years in Cause No. 64026, and not less than 8 nor more than 12 years on Cause No. 63936. The sentences were ordered to run concurrently and each sentence was to commence on July 29, 1970, the date upon which the Appellant was first incarcerated on any of the charges.

The single issue presented by this appeal is, whether the Appellant understood the nature of the charges against him.

On the record the interrogation by the trial court shows an attempted compliance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). However, counsel for Appellant points out that nowhere in the record is there a finding by the trial court that the Appellant was able to understand the proceedings and assist counsel in his defense. In State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969), we provided that A.R. S. § 13–1621, even though prescribing certain rules of procedure, would be applied in all cases until specifically modified or

suspended by rules promulgated by this Court. It is clear that A.R.S. § 13–1621, subsec. H, par. 4, requires that there be a hearing after a defendant is returned from the State Hospital, and that the hearing is to determine whether the defendant is able to understand the nature of the proceedings and assist counsel in his defense. We held such hearing to be mandatory in State v. Blazak, supra:

"This statute provides that where the defendant has previously been committed to the State Hospital, the trial court '*shall* conduct *another* hearing to determine whether the defendant is able to understand the proceedings against him and to assist in his own defense.' A.R.S. § 13–1621, subsec. H, par. 4. (Emphasis supplied.) This wording is mandatory and substantive. . . ." (105 Ariz. 218–219, 462 P.2d 86)

The hearing was held, but the court, according to the record, did not make a finding as to whether the Appellant was able to understand the proceedings or assist counsel. As we pointed out in State v. Davis, 106 Ariz. 598, 480 P.2d 354 (1971), it is contradictory to argue that a defendant may be incompetent and yet knowingly or intelligently waive a right.

It is necessary that these causes be returned to the trial court and that the trial judge make a ruling on the matter submitted to him on the hearing of January 25, 1971. If the trial court finds that the Appellant was able to understand the nature of the proceedings and to assist counsel in his defense he will advise this Court by appropriate finding, and if the finding is supported by the evidence the judgment of conviction in each cause will be affirmed. If the trial court finds that the Appellant was not able to understand the nature of the proceedings or assist counsel in his defense the trial court is directed to set aside the plea of guilty, reinstate the original informations, and proceed according to law.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.