652 P.2d 1387

Pamela Marie HARE, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, and the Honorable Judge William E. Druke, Judge of the Superior Court, and the Honorable Judge John G. Hawkins, Judge of the Superior Court, and the Court of Appeals of the State of Arizona, Division Two, and the Honorable Lawrence Howard, Chief Judge of the Court of Appeals, Division Two, and the Honorable Ben C. Birdsall, Judge of the Court of Appeals, Division Two, and the Honorable Jack G. Marks, Judge of the Superior Court, Retired, Respondents,

and

The STATE of Arizona, Real Party in Interest.

No. 16131–SA.

Supreme Court of Arizona, In Banc.

Oct. 20, 1982.

Stephen D. Neely, Pima County Atty., by Grace E. Atwell, Lynne A. Gallagher, Vic-

tor A. Wild, Deputy County Attys., Tucson, for respondents.

Hon. William E. Druke and Hon. John G. Hawkins, Tucson, pro se.

Hirsh & Bayles by Michael B. Bernays, Robert J. Hirsh, Tucson, filed brief amicus curiae for Pima County Bar Ass'n.

Frederic J. Dardis, Pima County Public Defender, by Carol Wittels, Yvonne Ayers, Asst. Public Defenders, Tucson, for petitioner.

CAMERON, Justice.

Petitioner, Pamela Marie Hare, brings this special action proceeding to challenge the trial court's refusal to consider the plea agreement she reached with the Pima County Attorney. We accepted jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S., and Ariz.Const. art. 6, § 5, because it is a matter of concern in the administration of justice and because there is no plain, speedy, or adequate remedy by appeal.

The sole issue which we must decide is whether the Pima County Superior Court exceeded its jurisdiction by adopting a rule that after the first trial date, no plea agreements would be accepted by the court except those which result in pleas to the charges contained in the indictment.

The facts necessary for a determination of this action are the following. In January of 1982, the Pima County Superior Court instituted the Automated Calendaring Project, with the twin goals of trial certainty and delay reduction. In order to gauge the success of the experiment, the Pima County Superior Court adopted certain guidelines. Among these is Guideline B, which states:

"After the first trial date, no pleas will be accepted except to the charges in the Indictment and any attached allegations. If, however, more than one case is pending against a defendant, a plea will be accepted up to the first trial date on the latest case, provided all cases pending against the defendant are disposed of by the plea."

In practice, the "first trial date" acts as a deadline for segregating those cases to be resolved by negotiated plea or other non-trial dispositions from those which are to proceed to trial, which are subsequently assigned a "second" (or firm) trial date, usually some 30 days later than the first trial date. Some exceptions to Guideline B are allowed, but only when the judge assigned to the case and the presiding judge agree that an exception is necessary.

In the instant case, after petitioner was indicted on one count of unlawful sale of marijuana, A.R.S. § 13–3405(A)(3), the State made two plea offers. The petitioner rejected both on the grounds that because this was a first and isolated offense, the fines connected with the offers were excessive. The "first trial date" was set and the case was assigned to the Honorable John Hawkins to hear. At a prehearing conference with Judge Hawkins prior to the first trial date, defense counsel stated that the excessive amount of the fine compelled petitioner to go to trial, and a "second" trial date was set for 22 June 1982. During the week before the second trial date and after a more complete investigation by the Pima County Attorney's Office, the State made a third plea offer entailing a greatly reduced fine, which petitioner accepted. The parties then informed Judge Hawkins of the terms of the plea agreement, which the judge found acceptable. Judge Hawkins, however, ruled that before he could vacate the trial and accept the plea, he had to obtain the assent of the presiding judge. After a hearing with the presiding judge, at which time the State explained its reasons for the late plea offer with its reduced fine, the presiding Judge, on 17 June 1982, refused to allow Judge Hawkins to accept the plea agreement.

After a denial of a petition for special action by the Court of Appeals, a petition for special action was filed in this court.

The Automated Calendaring Project and the supporting guidelines adopted by the Pima County Superior Court were not proposed as part of the local rules of the Pima County Superior Court and were not submitted for approval to this court.

A rule of court prescribes a procedural course of conduct that litigants are required to follow, the failure to comply with which may deprive the parties of substantial rights. These "guidelines" prescribe a course of conduct for certain aspects of the criminal practice in Pima County Superior Court. They are, in effect, local rules of criminal procedure which parties to criminal actions in Pima County must follow or lose substantial rights, in this case the right to have a plea bargain considered by the court.

As rules of court, the Project guidelines must fall for two reasons. First, they were adopted by the Pima County Superior Court in excess of its jurisdiction, and second, they are in conflict with the existing Arizona Rules of Criminal Procedure, 17 A.R.S., adopted by this court.

■ Following the adoption of the amended 1960 state constitution, this court was given exclusive power to make rules relative to all procedural matters in any court. Ariz. Const., art. 6, § 5, Subsec. 5, added 1960; *State v. Blazak,* 105 Ariz. 216, 462 P.2d 84 (1969). We have held that this rule-making power may not be supplemented or superseded by a Superior Court. *Anderson v. Pickrell,* 115 Ariz. 589, 566 P.2d 1335 (1977). We reenforced this constitutional position when we adopted Rule 36, Arizona Rules of Criminal Procedure, 17 A.R.S. (1973):

> "Any court may make and amend rules governing its practice not inconsistent with these rules. No such rule shall become effective until approved in writing by the Supreme Court."

This rule allows adoption of local rules of practice and procedure, but only with our approval. Since we did not approve the guidelines, they did not become effective. Rule 36, supra.

■ Secondly, the guidelines conflict with existing rules sanctioned by this court. Rule 17.4 states:

> "Rule 17.4. Plea negotiations and agreements

> "a. Plea Negotiations. The parties may negotiate concerning, and reach an agreement on, any aspect of the disposition of the case. The court shall not participate in any such negotiation.

> \*　　\*　　\*　　\*　　\*　　\*

> "d. Acceptance of Plea. After making such determinations, the court shall either accept or reject the tendered negotiated plea. The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions or probation to be imposed, if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate.

> "e. Rejection of Plea. If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than that contemplated by the agreement.

> \*　　\*　　\*　　\*　　\*　　\*

> "g. Automatic Change of Judge. If a plea is withdrawn after submission of the presentence report, the judge, upon request of the defendant, shall disqualify himself, but no additional disqualification of judges under this rule shall be permitted." Rule 17.4(a), (d), (e) & (g), Arizona Rules of Criminal Procedure, 17 A.R.S.

Rule 17.4, supra, recognizes not only the right to engage in plea negotiation and agreement, but provides for the procedure by which the judge rejects or accepts a plea agreement. Rules 17.4(d) & (e) allow the judge to exercise his discretion when a plea agreement is presented for approval. Under Guideline B, the court is prohibited from exercising that discretion (unless the presiding judge approves). Thus Guideline

B conflicts with the rules of this court and exceeds the limit imposed upon the Superior Court by Rule 17.4(a).

▪ We note also that the guideline is an improper intrusion upon the prosecutorial function in our criminal justice system. We previously have alluded to the broad discretion which our legal system vests in prosecuting attorneys, particularly in the exercise of plea bargaining negotiations. *State v. Morse,* 127 Ariz. 25, 617 P.2d 1141 (1980). As United States Supreme Court Justice Powell stated:

> "The plea-bargaining process, as recognized by this Court, is essential to the functioning of the criminal-justice system. * * * And if the system is to work effectively, prosecutors must be accorded the widest discretion, within constitutional limits, in conducting bargaining." *Bordenkircher v. Hayes,* 434 U.S. 357, 372, 98 S.Ct. 663, 672–73, 54 L.Ed.2d 604, 616–17 (1978) (Powell, J., dissenting).

The petitioner has also challenged the validity of Guideline B on several constitutional grounds. Since determination of the constitutional questions is not necessary to decide the merits of the action, *School Dist. No. 26 (Bouse Elementary) of Yuma Co. v. Strohm,* 106 Ariz. 7, 469 P.2d 826 (1970), we will not discuss the constitutional questions at this time.

We hold that the Pima County Superior Court's Automated Calendaring Project Guideline B conflicts with Rule 17.4(a), Arizona Rules of Criminal Procedure, 17 A.R.S., and was adopted in excess of the jurisdiction granted to the Superior Courts to make rules (Rule 36). Nothing we say here should discourage courts, through the adoption of local rules, to carry out experiments which may improve the judicial process. Indeed, these efforts should be encouraged. But local rules must first be approved by this court before they are effective.

The matter is remanded to the Superior Court for consideration of the plea agreement entered into between the petitioner and the State. Relief granted.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.