542 S.E.2d 863

**STATE of West Virginia, Plaintiff below, Appellee,**

v.

**Evan Lamarr SEARS, Defendant below, Appellant.**

No. 27766.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 5, 2000.

Dissenting Opinion of Chief Justice Maynard Dec. 6, 2000.

---

Christopher C. Quasebarth, Esq., Assistant Prosecuting Attorney, Martinsburg, for the Appellee.

Robert E. Barrat, Esq., Martinsburg, for the Appellant.

STARCHER, Justice:

On appeal, Evan Sears ("Sears") alleges that the judge of the Circuit Court of Berkeley County erred by refusing to examine the substance of a plea agreement reached between Sears and the county prosecutor, electing instead to follow a "local rule" prohibiting plea agreements submitted after pretrial hearings. For reasons explained in this opinion, we reverse the decision of the circuit court and remand this matter for further proceedings.

## I.

### Facts & Background

On November 5, 1998, Sears was indicted for the offenses of aggravated robbery [1] and battery.[2] At some time after the indictment, but before a pretrial hearing held on March 19, 1999, pursuant to Rule 11 of the *West Virginia Rules of Criminal Procedure*,[3] the

---

1. In violation of *W.Va.Code*, 61–2–12 [1961].

2. In violation of *W.Va.Code*, 61–2–9(c) [1978].

3. *W.Va.R.Crim.P.* Rule 11 provides, in pertinent part:

(a) *Alternatives*—(1) In General.—A defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

(2) Conditional Pleas.—With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

(b) *Nolo Contendere.*—A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

(c) *Advice to Defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) If the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

(3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, and the right to call witnesses; and

(4) That if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(5) If the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false swearing.

The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

(e) *Plea Agreement Procedure.*—(1) In General.—The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following:

(A) Move for dismissal of other charges; or

(B) Make a recommendation or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) Agree that a specific sentence is the appropriate disposition of the case; or

(D) Agree not to seek additional indictments or informations for other known offenses arising out of past transactions.

prosecutor offered to allow the defendant to plead guilty to unlawful wounding.[4] Sears did not immediately accept this plea offer. Pre-trial matters were concluded on Friday, March 19, 1999, and the case was set for trial on Tuesday, March 23, 1999.

On Monday, March 22, 1999, counsel for Sears contacted the prosecuting attorney informed her that his client had decided to accept the plea offer. Counsel for Sears asked the prosecutor if she would appear with him before the circuit court judge to inquire if they could proceed with the plea agreement. Although the prosecutor agreed to appear before the circuit judge with defense counsel, she advised defense counsel that she believed the judge would not accept a negotiated plea submitted so close to the trial date.

Following this conversation, counsel for Sears and the prosecuting attorney[5] appeared before the circuit court judge, and a brief hearing was conducted concerning the plea agreement. At the beginning of the hearing, the judge asked why the defendant was not present. Counsel for Sears informed the judge that while the defendant was not present, he was available to come to court that afternoon if the judge so desired. Defense counsel advised the court that his client had accepted the plea offer made by the prosecutor, and asked that in lieu of convening the following morning for a jury trial, that the parties appear before the court for the defendant's entry of a guilty plea.

The judge asked the prosecutor if there were any witnesses scheduled to appear that were not local. The prosecutor informed the judge that she intended to call only three witnesses, two police officers and the victim, and these witnesses were all local. Counsel for Sears argued that the jury was generally not called until after 5:00 p.m.; consequently,

it would not be inconvenient to the jurors to cancel the trial.

The court rejected the request, stating "it really blows our whole scheme when we do this, letting this go late, because it encourages people to just plead later and later when we permit something like this and then it makes it harder for us to control our docket."

The trial was conducted the following day before a jury, and Sears was found guilty on both charges. Sears was subsequently sentenced to a period of 60 years on the charge of aggravated robbery and 1 year on the charge of battery with these sentences to run consecutively for a total of 61 years. This appeal followed.

## II.

### *Discussion*

■ We examine this matter under a *de novo* standard of review. "Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995).

■ In our country, it has long been recognized that plea bargaining "is an essential component of the administration of justice." *Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971). However, defendants do not have an absolute right to have a guilty plea accepted. "West Virginia Rules of Criminal Procedure, Rule 11, gives a trial court discretion to refuse a plea bargain." Syllabus Point 5, *State v. Guthrie,* 173 W.Va. 290, 315 S.E.2d 397 (1984). "There is no absolute right under either the West Virginia or the United

---

The court shall not participate in any such discussions.

**4.** As defined in *W.Va.Code,* 61–2–9 [1961].

**5.** The prosecutor did not urge the circuit court to either accept or reject the request of Sears to enter his plea. When questioned by the court concerning her position, the prosecutor replied that she would do:

"... [w]hatever the Court directs me to do, I don't have a problem either direction. This just is one I know the Court's position when

it comes to this kind of situation. That is what I advised him Friday when we completed the pre-trial and that is what I advised [counsel for Sears]. My understanding once you finish pre-trial or are in pre-trial, unless you are pleading straight up to the indictment with penitentiary sentence attached to it, you're going to trial. That has always been my understanding of the Court's position."

States Constitutions to plea bargain. Therefore, a circuit court does not have to accept every constitutionally valid guilty plea merely because a defendant wishes so to plead." Syllabus Point 2, *State ex rel. Brewer v. Starcher*, 195 W.Va. 185, 465 S.E.2d 185 (1995). "A court may reject a plea in exercise of sound judicial discretion." *Santobello*, 404 U.S. at 262, 92 S.Ct. at 498, 30 L.Ed.2d at 433.

Our Rule 11 is modeled after Rule 11 of the *Federal Rules of Criminal Procedure* and provides a detailed set of standards and procedures to govern the plea bargain process. *Myers v. Frazier*, 173 W.Va. 658, 664, 319 S.E.2d 782, 788 (1984).

■ In *Myers* we stated that "[a] court's ultimate discretion in accepting or rejecting a plea agreement is whether it is consistent with the public interest in the fair administration of justice." Syllabus Point 4. *Myers, supra*. To assist courts in determining what the public interest would be, we stated:

> As to what is meant by a plea bargain being in the public interest in the fair administration of justice, there is the initial consideration that the plea bargain must be found to have been voluntarily and intelligently entered into by the defendant and that there is a factual basis for his guilty plea. Rule 11(d) and (f). In addition to these factors, which enure to the defendant's benefit, we believe that consideration must be given not only to the general public's perception that crimes should be prosecuted, but to the interests of the victim as well.

A primary test to determine whether a plea bargain should be accepted or rejected is in light of the entire criminal event and given the defendant's prior criminal record whether the plea bargain enables the court to dispose of the case in a manner commensurate with the seriousness of the criminal charges and the character and background of the defendant.

Syllabus Points 5 and 6, *Myers, supra*.

■ The crux of Rule 11 and our case law is that the decision to accept or reject a plea agreement is vested in the *discretion* of the trial court. *Myers*, 173 W.Va. at 665, 319 S.E.2d at 789; *Brewer, supra*, 195 W.Va. at 192, 465 S.E.2d at 192. In the words of Cardozo, discretion must be "methodized by analogy, disciplined by system." *The Nature of the Judicial Process*, 139 (1921). Justice Frankfurter wrote in a separate opinion in *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), that "[d]iscretion without a criterion for its exercise is authorization of arbitrariness." *Black's* defines judicial discretion, in part, as "the exercise of judicial judgment, based on facts and guided by law, or the equitable decision of what is just and proper under the circumstances." *Black's Law Dictionary* 467 (6th ed.1990).

■ A review of the record before us indicates that the trial judge did not utilize his discretion. Rather, it appears to us that the trial judge divested himself of his entrusted discretion with respect to the merits of the plea agreement, and adhered to a "local rule" of his own making prohibiting plea agreements after pretrial hearings were concluded.[6] The explanation that the judge gave for refusing to examine the merits of the plea agreement was that if he accepted this plea, it would encourage other people to plead late and that this would "make it harder for us to control our docket."

While controlling the court's docket is a goal which with we can sympathize, the "local rule" apparently permitted a defendant to plead guilty after pretrial hearings, if he pled guilty "straight up to the indictment." If the

---

**6.** The record does not contain a copy of this local rule, nor did either party indicate that this rule has been submitted to this Court for approval pursuant to Rule 1.02 of the *West Virginia Trial Court Rules*. We point out that all local rules are void if they are not approved by this Court pursuant to Rule 1.02, which provides:

> All circuit court local rules, including local procedures and standing orders having the effect of local rules, enacted before July 1, 1999, which are inconsistent with these Trial Court

Rules or other rules of court are hereby repealed.

> Any existing circuit court local rule not in conflict with these Trial Court Rules or other rules of court must be timely submitted to the Supreme Court of Appeals in accordance with TCR 1.03. Said rule shall remain in effect until it is rejected by order of the Supreme Court of Appeals. Any existing local rule which is not submitted to the Supreme Court of Appeals prior to September 1, 1999, shall be repealed, effective September 1, 1999.

defendant had pled guilty on the day before trial "straight to the indictment" or pursuant to the plea agreement—the jury would, in either event, have been called after 5:00 p.m. and instructed not to report to court the following day. We do not see, therefore, how this particular "local rule" would help control the docket.

■ We hold, therefore, that when a criminal defendant and the prosecution reach a plea agreement, it is an abuse of discretion for the circuit court to summarily refuse to consider the substantive terms of the agreement solely because of the timing of the presentation of the agreement to the court.

Since we have not addressed this issue previously, it is instructive to examine the law from other states and federal courts. Arizona has ruled that a local rule, similar to the one in the case before us, was improper, because it prohibited the trial judge from exercising the discretion granted him. In *Hare v. Superior Court*, 133 Ariz. 540, 652 P.2d 1387 (1982), the Court reasoned that a trial judge is granted discretion under Arizona's criminal statute relating to plea agreements[7] to accept or reject a plea agreement and that no local rule could properly be created that prohibited the exercise of this discretion. *Hare*, 133 Ariz. at 541, 652 P.2d at 1389.

Our holding today also follows several federal courts that have held that, pursuant to Rule 11 of the *Federal Rules of Criminal Procedure*, a trial court must utilize discretion while examining a proposed plea agreement.

In *United States v. Robertson*, 45 F.3d 1423 (10th Cir.1995), the trial court rejected a last minute plea agreement pursuant to a local rule that required all plea negotiations be presented no later than 10 days prior to

trial. The local ruled provided that if a plea agreement was not presented timely, the defendant had the option to either plead guilty to the indictment or go to trial. On appeal, the Tenth Circuit held that the rejection of the plea agreement on that basis was an abuse of discretion. *Robertson* 45 F.3d at 1438–1439.

The court in *Robertson* additionally held that "in order to insure [courts] exercise sound judicial discretion ... courts must set forth, on the record, the prosecution's reasons for framing the bargain and the court's justification for rejecting it."[8] *Id.* at 1438.

Similarly in *United States v. Shepherd*, 102 F.3d 558 (D.C.Cir.1996), the United States Court of Appeals for the District of Columbia held that a trial court had abused its discretion when the court rejected a plea agreement, due to its timing, when it was submitted on the first day of trial.

Because we find that the discretion granted to trial courts pursuant to Rule 11 is a valuable trust that should not be discarded for the sake of expediency, we believe that the reasoning and analysis set forth in *Hare*, *Robertson*, and *Shepard* is the appropriate standard to follow.[9]

### III.

#### Conclusion

For the foregoing reasons, we reverse the conviction and remand this matter to the circuit court with instructions to permit Mr. Sears to offer to the Court his plea pursuant to the plea negotiation originally agreed to by the State. The circuit court is to conduct the proceeding pursuant to Rule 11 of the *W.Va.R.Crim.P.* and in conformity with this opinion.[10]

Reversed and Remanded.

---

7. The Arizona statute is substantially the same as our Rule 11.

8. The Court in *Robertson* joined other federal courts that require trial court to articulate their reasons for rejecting a plea agreement on the record. *See United States v. Moore*, 916 F.2d 1131, 1135–1136 (6th Cir.1990); *United States v. Miller*, 722 F.2d 562, 566 (9th Cir.1983); *United States v. Delegal*, 678 F.2d 47, 50 (7th Cir.1982); *United States v. Ammidown*, 497 F.2d 615, 623 (D.C.Cir.1973); *United States v. Maddox*, 48 F.3d 555, 558 (D.C.Cir.1995).

9. *But see People v. Cobb*, 139 Cal.App.3d 578, 188 Cal.Rptr. 712 (1983); *People v. Grove*, 455 Mich. 439, 566 N.W.2d 547 (1997).

10. In consideration of the plea agreement in accordance with the holding in this opinion, the trial court may not consider the defendant's jury trial conviction, as the conviction has been reversed.

MAYNARD, Chief Justice, dissenting.

(Filed Dec. 6, 2000)

I dissent because I believe that it was within the trial court's discretion to reject an untimely plea agreement in order to control its docket. The facts show that the appellant had several days in which to accept the plea offer made by the prosecuting attorney, but did not decide to do so until after all pre-trial matters were concluded and the trial was scheduled to begin the next day. If the appellant wanted to offer a plea, he should have done so in a timely manner.

Our law states that trial courts have discretion to refuse plea bargains. The trial court in this case properly exercised its discretion and stated on the record the reason for its decision. The refusal of untimely pleas is a useful tool with which trial courts can control their over-crowded dockets, promote judicial economy, save jury fees, and avoid needless delays in the administration of justice. By reversing the trial court, and fashioning a needless and overly broad new rule, the majority unreasonably snatches this useful tool from the hands of trial courts. Accordingly, I dissent.