# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Larry Paul McClure, Sr.,**
**Petitioner**

**vs) No. 15-0493** (McDowell County )

**Honorable Booker T. Stephens, Judge of the Circuit Court**
**of McDowell County, and Francine Spencer, Clerk,**
**Respondents**

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Larry Paul McClure Sr., invokes this Court's original jurisdiction seeking a writ of mandamus to compel respondents to transfer his petition for writ of habeas corpus to the circuit court of Kanawha County and to allow the filing of his civil complaint alleging negligence and gross negligence against D. Adrian Hoosier II and The Hoosier Law Firm PLLC in the Circuit Court of McDowell County.[1] Petitioner argues that the respondents violated his constitutional right to meaningful access to the courts pursuant to West Virginia Constitution art. III, § 17.

In May of 2013, petitioner and Jimmie McClure, pro se ("Plaintiffs"), filed a complaint against Wells Fargo Bank Home Mortgage ("Wells Fargo") and USA Rental Fund LLC ("USA Rental") alleging negligence, fraudulent conveyance of real property by USA, and breach of general warranty deed against USA Rental. Plaintiffs also alleged claims against W. Kendrick King[2] for malfeasance and "creating a hate crime." Plaintiffs' claims against Wells Fargo and USA Rental arose from an October 11, 2011, conveyance of real property which included a house from USA Rental to plaintiffs.

In June of 2013, D. Adrian Hoosier II filed a notice of appearance on behalf of plaintiffs in the underlying case. Thereafter, on January 22, 2014, and February 6, 2014, petitioner dismissed his claims against USA and Wells Fargo, respectively. By order entered August 13,

---

[1]This Court notes that petitioner's argument with regards to the transfer of his petition for writ of habeas corpus is moot. This Court long ago held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). Upon review of the record on appeal, petitioner's petition for writ of habeas corpus was transferred to the Circuit Court of Kanawha County by order entered May 29, 2015.

[2]This Court annulled Mr. King's law license by order entered May 16, 2013.

1

2014, the circuit court granted USA's motion for summary judgment against Jimmie McClure. The circuit court found that counsel failed to answer or object to USA Rental's requests for admissions and failed to set forth specific facts showing there was a genuine issue of material fact.

In April of 2014, the Honorable Booker T. Stephens entered an "Administrative Order regarding vexatious, intimidating, harassing, and frivolous filings and court personnel security in pro se litigation in magistrate and circuit courts" which required all pro se litigants to obtain permission prior to the filing and docketing of their complaint in the Circuit Court of McDowell. In July of 2014, petitioner attempted to file a complaint against D. Adrian Hoosier II, and The Hoosier Law Firm, PLLC, alleging negligence and gross negligence related to its handling of Jimmie McClure's case against USA Rental. Thereafter, Respondent Stephens did not approve petitioner's complaint for filing and docketing in the circuit clerk's office pursuant to his administrative order. It is from this procedure that petitioner now appeals.

The foundational requirements for the issuance of a writ of mandamus are axiomatic: "Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law." Syl. Pt. 3, *Cooper v. Gwinn,* 171 W.Va. 245, 298 S.E.2d 781 (1981).

Petitioner argues that Respondent Stephens' administrative order preventing him from filing his civil complaint with the circuit clerk or the circuit court unless he first files a petition seeking leave to file a pro se action and a notarized affidavit reciting his legal issues violates his constitutional right to due process.[3] To begin, this Court has held that "'[u]nder West Virginia Constitution art. III, § 17, the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied.' Syl. Pt. 1, *Blair v. Maynard*, 174 W.Va. 247, 324 S.E.2d 391 (1984)." Syl. Pt. 3, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Furthermore, this Court has also held that:

> Where a circuit court is faced with a potential abuse of process by a prisoner or a prisoner's threat to abuse the judicial process, the circuit court may, subject to the following, enter an order imposing reasonable limitations on the prisoner's right to access the court. Prior to the entry of such an order, the circuit court must provide the prisoner an opportunity to show cause why such a limitation should not be imposed. If the record demonstrates a clear intention to obstruct the administration of justice, the circuit court may impose limitations on the prisoner's right of access. Any order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective, and meaningful access to our courts. The circuit court's order imposing such a limitation must include such findings of fact and conclusions of law adequate for meaningful appellate review.

---

[3]Petitioner is currently incarcerated at the McDowell County Correctional Center.

2

Syl. Pt. 5, *Mathena*, 219 W. Va. at 418-19, 633 S.E.2d at 772-73. Upon our review of the record, it is clear that Respondent Stephens failed to follow any of these procedural safeguards and did not afford petitioner any such opportunity before he directed the McDowell County Circuit Clerk to not file or docket his civil complaint. In fact, Respondent Stephens notes that "[petitioner's] Complaint for Negligence did not receive approval to proceed and was not docketed in the Circuit Clerk's office pursuant to the Administrative Order, and the Complaint for Negligence was sent back to [petitioner]." For these reasons, we hold that respondents improperly limited petitioner's access to the Circuit Court of McDowell County.

Also at issue for this Court, is Respondents' blanket "administrative order" which impermissibly limits *all* pro se litigants' access to the Circuit Court of McDowell County. West Virginia Trial Court Rule 1.03 states that:

> Each court, and in multi-judge circuits by action of a majority of its judges, may from time to time propose local rules and amendments of local rules not inconsistent with the West Virginia Rules of Civil Procedure, the West Virginia Rules of Criminal Procedure, the West Virginia Trial Court Rules, or with any directive of the Supreme Court of Appeals of West Virginia. A proposed rule or amendment shall not be effective until approved by the Supreme Court of Appeals. No local procedure shall be effective unless adopted as a local rule in accordance with this section. To obtain approval, seven copies of any proposed local rule or amendment of a local rule shall be submitted to the Supreme Court of Appeals through the Office of the Clerk. Reasonable uniformity of local rules is required. Numbering and format of any proposed local rule or amendment of a local rule shall be as prescribed by the Supreme Court of Appeals. The Supreme Court of Appeals' approval of a local rule or local procedure shall not preclude review of that rule or procedure under the law or circumstances of a particular case.

Again, upon review of the record, Respondent Stephens failed to follow any of these procedural safeguards before implementing an administrative order which severally restricts *all* pro se litigants access to the Circuit Court of McDowell County. Under the limited facts of this case, the writ of mandamus is granted directing respondents to allow petitioner to file his civil complaint in the Circuit Court of McDowell County. Therefore, pursuant to Rule 1.03, Respondent Stephens' "Administrative Order" entered on April 1, 2014, is null and void.[4]

Having demonstrated a clear right to the relief requested, the writ of mandamus sought by petitioner is granted. The respondents are directed to allow petitioner to file his civil complaint in the Circuit Court of McDowell County.

Writ Granted.

---

[4]"All local rules are void if they are not approved by this Court pursuant to [Trial Court] Rule 1.02." *State v. Sears*, 208 W.Va. 700, n. 6, 542 S.E.2d 863, n. 6 (2000).

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II